May Term,
1861.

CHURCH and Another *v.* STADLER and Others.

CHURCH
v.
STADLER.

The proviso to § 3 of the act of *March* 1, 1859, (Acts 1859, p. 91) which authorized the Court of Common Pleas, when the Circuit Court of the county was in session at the time the former should have been held, to hold its term on the *Monday* succeeding the time of the Circuit Court, was repealed by the act of *March* 5, 1859, (Acts 1859, p. 84), which went into force *October* 1, 1860.

The proviso fell with the law to which it was a proviso, and was not continued in force as an independent enactment.

APPEAL from the *Marion* Common Pleas.

*Monday,*
*June* 17.

WORDEN, J.—The question involved in this case is, whether a legal term of the Court below could be held, commencing *November* 19, 1860. The writ was issued on *November* 9, returnable at the next term, which was commenced on the 19th, and on the 20th judgment was rendered for the plaintiffs, and the defendants appeal.

The act of *March* 5, 1859, (Acts 1859, p. 84,) which went into effect from and after *October* 1, 1860, fixes the time of holding the Court of Common Pleas in *Marion* county on the first *Mondays* of *February*, *June* and *October*, and repeals all laws inconsistent therewith.

An act passed at the same session, but previously to the one above cited, (p. 91) provided that the Court of Common Pleas in such county should sit on the first *Monday* of *January*, annually, and every fourth month thereafter. " *Provided*, That if the Circuit Court of said county shall be in session at the time, the Common Pleas shall be held on the *Monday* succeeding the time of the Circuit Court."

It is contended, that although the time of holding the Court is determined by the act of *March* 5, yet the proviso to the previous law continued in force, whereby, if the Circuit Court should be in session in the county of *Marion* on the first *Monday* of *February*, *June* or *October*, the Court of Common Pleas should be held on the *Monday* succeeding the time of the Circuit Court.

We do not concur in this view. The law last approved fixes the times of holding the Court. Those times are definite, and depend upon no contingencies as to the sitting of the

May Term, 1861.

Circuit Court, or otherwise. All inconsistent laws are repealed. The proviso to the previous law, which was repealed, fell with the law to which alone it was a proviso, and was not continued in force as an independent enactment. It follows, that the session of the Court in *November* was unauthorized.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Thos. D. Walpole* and *R. L. Walpole*, for the appellants.

*C. C. Hines*, for the appellees.