### SWAILS *v.* COVERDILL.

TERMS OF COURTS.—Where the term of a Circuit Court begins on the 20th day of *October*, and may continue two weeks, if the business requires it, but in fact continues only one week, and the term of the Common Pleas Court, for the same county, begins on the 27th day of *October*, and is in fact begun on that day, it can not be objected to the validity of the latter term that it was holden during the term of the Circuit Court.

PRACTICE IN SUPREME COURT.—Where an affidavit for a continuance is filed, but the record on appeal fails to show that any motion, based thereon, was made, or that the Court took any action in reference thereto, the alleged error in refusing a continuance will not be considered in this Court.

SAME.—Where error is alleged to have been committed in the admission of testimony, it will not be available in this Court, unless the ground of objection was stated to the Court below.

APPEAL from the *Decatur* Common Pleas.

Swails *v.* Coverdill.

*Per Curiam.*—Action by *Coverdill* against *Swails,* to recover for services as attorney at law, in attending to a case upon indictment, in the *Decatur* Circuit Court, for an assault and battery, with intent to murder. Upon the issues, there was a verdict for the plaintiff. Motion for a new trial denied, and judgment, &c.

The errors are thus assigned:

1. The term of the Court, at which the cause was tried, was not held at the time prescribed by law.

2. The Court erred in its refusal to continue the case.

3. Illegal testimony was allowed to be given over the defendant's objection.

4. The verdict is unsustained by the evidence.

The Circuit Court, for *Decatur* county, as required by law, begun its fall term 'on *Monday, October* the 20th, 1862, and was allowed to continue in session two weeks, if business thereof required it; 1 G. & H. p. 282; but that Court adjourned before the expiration of the space of time so allowed, viz: on *Monday,* the 27th of *October,* and on that day the term of the Common Pleas, at which this case was tried and determined, was commenced in the usual form, and adjourned until *Thursday,* the 30th of *October.*

Upon these facts, it is argued, that the Common Pleas, having commenced and held its *October* term within the period of time allowed by law for the holding of the Circuit Court, was illegally holden. We think otherwise. The Common Pleas was begun on the day fixed for its commencement by the statute. 1 R. S. G. & H. p. 279, sec. 11. It is true, an act, approved *March* the 1st, 1859, authorized the Common Pleas, when the Circuit Court was in session at the time the former should have been held, to hold its term on *Monday* succeeding the time of the Circuit Court; but that act was repealed by a statute passed *March* the 5th, 1859; *Church* v. *Stadler,* 16 Ind. 463; which repealing statute is still

in force. 1 G. & H. p. 281, sec. 23. There seems to be no reason why the term of the Common Pleas, commenced *October* the 27th, 1862, should not be deemed regular and legal.

An affidavit, to delay the trial for a day, on account of the absence of the defendant, is set forth in the transcript; but no motion, founded on the affidavit, appears to have been made; nor does it appear that any action of the Court was had in respect to the affidavit. Hence, there is nothing in the second assigned error. And the third is equally unavailing, because, though certain testimony was admitted over the defendant's objection, the ground of objection was not stated to the Court. Nor can we, under the fourth assignment, adjudge whether the evidence is or not sufficient to sustain the verdict, because the record contains no sufficient averment, as required by rule 30 of this Court, "that this was all the evidence given in the cause."

The judgment is affirmed, with costs, and 5 per cent. damages.

*Samuel Bryan*, for the appellant.
*Hord & Ewing*, for the appellee.