## THE STATE OF IOWA v. BALLENGER.

1. PLEA TO AN INDICTMENT. Where the record recited that the defendant appeared and plead not guilty; it was *Held*,

    1. That an objection to the manner of pleading could not be taken for the first time in the Supreme Court.

    2. That the recital in the record, raises the presumption that the defendant answered to the indictment in the manner prescribed by law.

2. SPECIAL TERMS. When at the regular term of the District Court, a special term was ordered to be held at a future day fixed, which special term was postponed by the clerk, on the written order of the judge made in vacation, it was *held*, that the postponement was regular under section 1583, of the Code of 1851.

*Appeal from Mahaska District Court.*

SATURDAY, APRIL 14.

INDICTMENT for seduction. The record recites that the defendant appeared and plead not guilty, but no written plea appears among the papers transmitted to the Supreme Court. Trial and verdict of guilty. The defendant appeals.

*Thomas Macon* and *Z. T. Fisher* for the appellant.

*S. A. Rice,* Attorney General, for the State.

LOWE, C. J.—The record of the proceedings in the court below has been carefully reviewed and no errors are discovered. Some fifteen have been assigned, but we do not feel that it is necessary to allude to more than two or three of them.

I. The defendant complains that there was a trial without an issue; that at least he did not plead in the manner prescribed by law. The record shows that he did appear in court and plead not guilty to the indictment, and thereupon an issue was tried, and he was found guilty. The Code, it is true, directs that the plea shall be in writing; if it was not, non-compliance with a directory statute cannot be made the ground of a complaint for the first time in this court. But aside from this, inasmuch as the record shows that the defendant did appear and plead, the presumption is that he pleaded in the manner prescribed by law, but that through some neglect this plea has not been sent up with the record. The party trying to take advantage of this supposed error should have rebutted the presumption, by asking a rule on the clerk to certify to the court, if such was the fact—that no such plea in writing had ever been filed in the cause.

II. Again, the plaintiff in error complains that he was tried at a special term which was held without authority of law. It seems that at the regular term in March the court ordered a special term, to be held on the 5th of July following. See section 1569 of the Code. On the 2d day of July the court sent his written order to the clerk to adjourn the court to the 15th of August following, which on the 5th of July he accordingly did, all of which was lawful and regular under section 1583 of the Code.

A motion for a new trial was made, founded upon the above alleged errors, and also upon others, to which we can not giving consideration. We therefore think that the motion

was very properly overruled, and that the judgment below should be affirmed; which is accordingly done.