WEAVER v. COOLEDGE.

1. CONFLICTING TERMS OF COURT. Where the record shows that a judgment was rendered by the District Court of one county, three days after the date of the commencement of the term in another county in the same district as fixed by statute, it was held that the jurisdiction of the court would be presumed, though it did not appear affirmatively of record that the term as fixed by law had been adjourned.

*Appeal from Mahaska District Court.*

FRIDAY, OCTOBER 16.

THE facts of this case are fully stated in the opinion.

*Philip Myers* for the appellant.

*Macon* and *Fisher* for the appellee.

WRIGHT, J.— The regular terms of the District Court for Mahaska County, are fixed by statute for the third Mondays of October and February, and in 1862 the October term should have commenced on the 20th. In Marion by statute, the regular fall term in 1862, was to commence on Monday, the 10th of November. From the transcript before us it seems that the October term in Mahaska was adjourned from that time until the 6th day of November. On the 8th day of that month an order was made adjourning until Tuesday, the 11th of November at 1 o'clock, P. M. On the 13th (Thursday) this case was tried before a jury, verdict and judgment for plaintiff, and defendant appeals.

Appellant claims that this judgment was rendered and these proceedings had at the time fixed by law for holding the term in Marion County, and that they are therefore erroneous, if not void.

Notwithstanding the parties were present and had a full trial, it does not appear that any motion of any kind was

made in the court below to correct the supposed erroneous action or judgment. Under § 3565 of the Revision of 1860, therefore, it may well be doubted whether appellant has any standing in this Court. But as the question presented is admitted to be important in view of other cases and all the business decided and transacted at the term referred to, we decide it.

The cases of *Davis* v. *Fish*, 1 G. Greene, 406, and *Grable* v. *The State*, 2 Id., 559, have no bearing upon this. In those cases the verdicts were received and the judgments rendered, at a time when it appeared that the court should legally have been in session in another county. There was no special term, but the business was transacted at what was treated by the District Court as the proper close of the regular term. The statute allows a special term to be ordered at any regular term of court in that county. Such a term, as we understand it, was held in this instance commencing on the 6th of November. Or if this is not true (and the record is not entirely clear), then the regular term was continued until that date, and afterwards, on the 8th, adjourned until the 11th.

Now, does the fact that by law a term should have commenced in Marion County on the 10th (Monday), render all the proceedings afterwards had in Mahaska erroneous, if not void? We think most clearly not. Such a construction would make it impossible for a judge to fix a special term upon any day intervening between the commencement of court in one county, and that fixed for its commencement in another, unless the record fixing such term recited, that such other term had been postponed, or that the business therein would probably close so as not to conflict. And the same would hold good as to a special term held in the spring and fall terms. For, according to appellant's theory, unless the contrary appears, the last court of

the spring term might be continuing in legal contemplation at the time of holding such special term.

A Court possessing such general jurisdiction and powers as the District Court, is not required to thus rebut and repel every presumption to establish affirmatively its right to hold its regular or special terms. In this case there is nothing to rebut the fact that the term in Marion was held, commencing on the 10th of November, the time fixed by law, and had adjourned before court was again opened in Mahaska County on the 11th. There was no necessary conflict between the two terms.

Affirmed.