Cole, Ch. J.
The indictment was found by the grand jury and returned into court on the 22d day of December, 1868, at an adjourned special term of the district court for Wapello county. The facts respecting the term of court at which the indictment was found are these: On the 31st day of August, 1868, the district court of Wapello county, being'-in regular session, ordered that a special term be held oh - the 30th of November, then next, and that a grand and petit jury be summoned. On the 23d day of November, the judge, by a written order, directed an adjournment of such special term to the 14th day ofi December, and the adjournment was accordingly made of record-by the clerk. Pursuant to such order and adjourn *161 ment, the court convened, and the grand jury returned the indictment in this case. By the law then in force, the regular term of the district court for Davis county, it being in the same judicial district, was fixed for the same day as that for the special term by the original order, to wit: Monday, November 30, 1868.
At the succeeding regular term of the district court for "Wapello .county, the defendant appeared and asked time to plead; afterward he pleaded not guilty; and, subsequent thereto, filed an application for a change of venue, on account of the prejudice of the judge; and the change was granted, and the cause taken to Jefferson county. At the September term of the Jefferson district court, the defendant moved to quash the indictment, because it was not found by a legal grand jury, nor at a legal term of the district court. This motion was overruled; and, after conviction, the same point was made by motion in arrest of judgment, and again overruled, and herein lies the only alleged error.
There is no question made as to the power to order a special term (Rev. § 2656); nor, as to the power or manner of adjourning the same. Sec. 2670. The only point is as to the power to order a special term in one county to be held on the same day fixed by statute for a regular term in another county in the same judicial district. This precise point has never been decided in this State. In Davis v. Fish, 1 G. Greene, 406, it was held illegal to receive a verdict and render judgment thereon on Sunday, and it is also' there said that all acts performed after the legal limitation of the time (twelve o’clock Saturday night), were coram non judice and void. The precise point ruled in Grable v. The State, 2 G. Greene, 559, was!, that a special term could not be ordered, without the previous notice required by statute, at the close of a regular term,, so as to continue its session into the time fixed for a regular term in another county. The statute then in force *162 authorized the judge to adjourn the regular terms and hold special terms in lieu thereof; so that the objection must have been alone to the time and manner of doing it, and not to the power to do it. In Weaver v. Cooledge, 15 Iowa, Mi, it was held, that the jurisdiction of the district cpurt of one county to render a judgment, three days after the tiine fixed for the commencement of a term in another county in the same district, would be presumed, though it did not appear that the latter had been adjourned. And, in The State v. Knight, 19 Iowa, 94, it was held, that a trial begun during the term might be continued beyond the term, and into the time fixed for a term in another county in the same district. In the case of The State v. Ballenger, 10 Iowa, 368, the special term was ordered, adjourned and convened, as in this case, except it was not on a day fixed for a regular term, and it was held legal and regular. The supreme court of Illinois, in the case of Archer v. Ross, 2 Scam. 303, held that the appointment of a special term to be convened at a time fixed by law for a regular term in another county of the same district, without giving the notice required by statute, was illegal. While some of these cases bear more or less upon the point made in this, none of 'them directly decide it.
The district court is a court of general jurisdiction. Every presumption obtains in favor of the legality as well as of the regularity of its proceedings. It is competent for the judge of that court, at the convening of it on the morning of the first day of a regular term, to adjourn the term at once, sine die ; or he may continue its sessions for one day, or two, or more, of the time allowed by law for the term. He is not required to hold the term for any number of days. In the case made by this record, the judge of the district court of Davis county might have opened the regular term there, on the 30th day of November, in the morning, and adjourned it sine die immediately, and then gone to Wapello county, and opened and *163 held his special term there. This might legally have been, done, and the same was, physically, very practicable. Or he might, under Revision section 2670, by his written order, have directed the adjournment of it (to a particular day at least) by the clerk. Now, if the special term had been ordered for a week later, although the time allowed for the Davis district court embraced that week also, no question would be made by counsel in this case, nor, indeed, could be, as to the legality of such special term. The business might not occupy the time of the first week, and if it did not, there could be no objection to the holding of the special term during the second week. The object of fixing the time by law for holding regular terms of court is twofold ; first, that litigants may know of a certainty the time they are to appear; and second, that the court may be held for the disposition of the business. But, if there is no business, then, of course, no court is needed. The judge is made the arbiter of this fact; and as the judge of the district court is clothed with full power over the business and adjournment of the regular terms, and the ordering of special terms and the business thereof, we do not see how we can, in the absence of any showing that the steps making it legal were not taken, and in view of the presumption of its legality and regularity, hold that the j udge exceeded his power in ordering the special term as shown in this case.
The point is very clearly stated by "Wright, J., in Weaver v. Cooledge, supra: “Now does the fact, that by law a term should have commenced in Marion county on the tenth (Monday), render all the proceedings afterward had in Mahaska county erroneous, if not void? We think, most clearly, not. Such a construction would make it impossible for a judge to fix a special term upon any day intervening between the commencement of court in one county, and that fixed for its commencement in another, unless the record fixing such term recited that such other *164 term bad been postponed, or tbat tbe business therein would probably close so as not to conflict. And tbe same would bold good as to a special term beld between tbe spring and fall terms. For, according to appellant’s theory, unless the contrary appears, tbe last court of tbe spring term might be continuing in legal contemplation at tbe time of bolding such special term.” If, as was beld in tbat case, tbe proceedings after Monday, tbe first day of tbe term, were not illegal or void, it must follow tbat neither would tbe proceedings on Monday be illegal or void, unless it was affirmatively shown tbat tbe regular term of court bad not been adjourned. In other words, it is but an application of tbe well-recognized rule, tbat in tbe absence of an affirmative showing to tbe contrary, tbe orders and proceedings of a court of general jurisdiction will be presumed legal and regular.
It follows, from these views, tbat tbe district court was right, and tbat tbe judgment of tbe general term must be
Reversed.