COOK v. SMITH ET AL.

1. **Pleading:** PRACTICE: CONTRACT. In an action to recover for services rendered, where the defendant denied the contract set up in the petition and pleaded a different contract under which he alleged the services were performed, it was held that the plaintiff was entitled to recover under the latter contract, if established by the evidence, the amount shown to be due him thereby. ADAMS, CH. J., *dissenting*.

2. **Court:** EXTENSION OF TERM. It is competent for a judge, when the business requires, to extend a term of his court in one county beyond the time fixed for the commencement of a term in another county, for at least three days, during which adjournment from day to day may be made by the clerk in the latter county, under section 167 of the Code.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, OCTOBER 21.

THE plaintiff in his petition sought to recover for work and labor performed for the defendants, upon a contract that his compensation should be one hundred and fifty dollars per month.

The answer denied the allegations of the petition, and also stated that the work and labor were performed under a verbal contract, by the terms of which the plaintiff was to receive a certain stated commission on the value of the work, in full compensation for his services. The allegations of the answer

were denied. Trial by jury, verdict and judgment for the plaintiff, and defendants appeal.

*Sapp, Lyman & Ament*, for appellants.

No appearance for appellee.

SEEVERS, J.—I. The defendants asked the court to instruct the jury that the plaintiff must recover on the contract 1. PLEADING: alleged in the petition, and that it was wholly practice: contract. immaterial whether the defendants were indebted to him on some other contract or transaction. This was refused, and the jury instructed that the plaintiff could recover on the contract set up in the answer. The well settled rule is that the plaintiff must recover, if at all, on the allegations of his petition, and if he alleges a special contract he cannot prove the value of his services and recover as if the action had been brought therefor, or on a *quantum meruit*. *Cadey v. Dean*, 4 Conn., 259; *Woolsey v. Williams*, 24 Iowa, 413; *Edgerly v. Farmers' Insurance Co.*, 43 Id., 587; *Fauble & Smith v. Davis*, 48 Id., 462. In these cases, and all others to which our attention has been called, the plaintiff sought to recover on a contract which was denied by the defendant, either specially or by pleading the general issue.

In the present case the defendants in addition to the general denial pleaded another and different contract, by the terms of which the plaintiff was to be compensated in a different manner than under the contract referred to in the petition. It is unnecessary to determine whether the defendants were compelled to so plead. It was clearly competent for them to do so. Code, § 2655.

We have, then, the case where the plaintiff claims to recover under a certain contract, and the defendants saying not so, but under the contract set up by them; or more correctly, perhaps, the defendants assert the plaintiff is to be compensated under the contract set up in the answer. The material difference

between the contracts is the manner in which the compensation was to be ascertained.

There was evidence introduced tending to support both of these contracts, and also tending to show a basis for computing the compensation to which the plaintiff was entitled under the contract pleaded in the answer.

Upon the suppostion both parties introduced all the evidence they had, and the case was fully and fairly tried, we think the plaintiff·should be permitted to recover, although the jury may have found he was only entitled to recover on the contract pleaded by the defendant.   The great and primary object, under the Code practice, is to give every litigant a fair trial on the merits of his action or defense, as the same may be stated in the pleadings.   Unnecessary delays should be avoided, and this is true as to costs.   If the trial has been fair in every respect upon the merits of the controversy, the plaintiff should not be sent out of court or beaten by an instruction to the jury, and thus compelled to bring another action, because of a mistake in the statement of his cause of action in his petition, if the mistake has been cured by any other pleading on file.

In the present case, as a defense, the defendant pleaded, it will be supposed, the only and actual contract.   It will further be supposed such contract was established to the satisfaction of the jury, and the plaintiff proved how much he was entitled to recover under such contract; but the defendants say the plaintiff should not recover because we pleaded the true contract, and the plaintiff a false one.   To allow this to prevail seems to us, under our system of pleading and practice, to be giving importance to a technicality which should not under the circumstances of this case be tolerated.

It is not claimed the defendants were suprised by the introduction of unexpected evidence, or in any other manner during the trial.

It is possible that under the pleadings the plaintiff could not have introduced evidence showing the amount he was

Cook v. Smith.

entitled to recover under the contract pleaded by the defendant, if it had been objected to. The abstract discloses the fact that there was at least some evidence of this character introduced. It does not appear any objections were made thereto, and as all the evidence is not before us the conclusive presumption must be indulged that it was sufficient to sustain the verdict. There is nothing in the record which tends to show that the trial was not full, and in every respect fair.

II. A motion for a new trial was filed on the 7th, and the same overruled on the 10th day of March, 1879, and judgment rendered on the verdict. At a proper time 2. court: extension of term. thereafter, the defendants moved the court to set aside the judgment, because the same was rendered on a day when the court by operation of law was in session in the county of Greene. This motion was overruled. The terms of courts are fixed every alternate year by the judges, at such times as they believe will best subserve the objects to be accomplished. Code, § 165. As thus fixed the court should have been in session in Greene county at the time the judgment was rendered. As a matter of fact the judge was not there but in Pottawattamie county, and the court was in session in the last named county. The statute provides, " If the judge does not appear on the day appointed for holding court the clerk shall make an entry thereof in his record, and adjourn the court until the next day, and so on until the third day, unless the judge appears, provided three days are allowed for such term." Code, § 167. If the judge does not appear by five o'clock of the third day, the court stands adjourned for the term by operation of law. Code, § 168.

If the judge fails to appear from any cause on the appointed day, the court cannot be in session in that county, and the statute does not require it should be. There is no statute fixing the length of the term in Pottawattamie county, except that it should commence on a certain day, and be in session on a certain day thereafter in another county. If the

Cook v. Smith.

public business so requires, we think the judge may, if he sees proper, extend the term in any county at least during the three first days of the term in another county.   The public good may frequently require such action on the part of the judges.   No statute is violated by their so doing.  *Davis v. Fish*, 1 G. Greene, 406, and *Grable v. The State*, 2 Id., 559, were decided in 1848 and 1850.   At that time the statutory provisions were materially different from what they are now. *Weaver v. Cooledge*, 15 Iowa, 244; *State v. Clarke*, 30 Id., 168.

AFFIRMED.

ADAMS, CH. J., *dissenting* upon the first point.

### ON REHEARING.

SEEVERS, J.—There is but a single point in a petition for rehearing we deem it necessary to notice.   It is said no warrant can be found in the abstract for the statement in the foregoing opinion there was evidence " tending to show a basis for computing the compensation to which plaintiff was entitled, under the contract pleaded in the answer." The abstract states: " The defendants introduced evidence denying said contract, and tending to establish that plaintiff worked for defendants during the time stated as solicitor of life insurance under a verbal contract, by which his only compensation was to be thirty-five per cent of the first installment of premiums from policies which he should secure, and that he secured some policies."

The abstract only purports to contain the tendency of the evidence, and whether it was sufficient to warrant the finding of the jury was not before us.   Petition for rehearing overruled.