No. 10,701.

ADAMS, SHERIFF, v. GOWAN.

JUDGE PRO TEM.—*Appointment.*—*Collateral Attack.*—The appointment by a regular judge of a judge *pro tem.* in a pending cause can not be collaterally questioned by the judgment defendant, who made no objection to the manner of the appointment of the judge *pro tempore* until the filing of his motion for a new trial.

From the Superior Court of Marion county.

*J. B. Elam, W. T. Brown* and *C. F. Robbins,* for appellant.
*J. Buchanan,* for appellee.

ZOLLARS, J.—This proceeding of *habeas corpus* was commenced in the court below by appellee against appellant, who was at the time sheriff of Marion county. The facts stated in the complaint necessary to be noticed in this opinion are briefly as follows:

In April, 1882, an indictment was returned by the grand jury of the criminal court of Marion county, charging appellee with grand larceny and receiving stolen goods. After his arrest he entered into a recognizance and was discharged. On the 20th day of July, 1882, Judge Heller, the regular judge of the criminal court of Marion county, appointed John S. Duncan, Esq., a practicing attorney, judge *pro tempore* of said court. The appointment was in writing, and this, and the proper oath, were recorded in the order-book of the court. It is averred that this appointment was made without the knowledge of or notice to appellee, and solely upon the judge's own motion. After making the appointment, Judge Heller retired from the bench, and the appointee, Duncan, entered upon the discharge of his duties as judge *pro tem.* On the 25th day of July appellee was required by said judge *pro tem.* to answer the charge of the indictment. Appellee entered a plea of not guilty; the case was tried by a jury, a verdict of guilty as charged was returned, and his punishment fixed at two years' imprisonment in the State's prison. Ap-

pellee made his defence without objection to the judge or to the manner of his appointment. After the return of the verdict the judge ordered appellee into the custody of the sheriff, and he was accordingly confined in the jail of the county. On the 29th day of July judgment was pronounced upon the verdict, and the sheriff was ordered to convey appellee to the prison.

It is charged that the entire proceedings of the court were and are illegal and void, for the reason that Judge Heller had no authority to appoint Mr. Duncan judge *pro tem.* in the manner and form adopted. The prayer of the complaint is that a writ issue, and that, upon a hearing, appellee be discharged or let to bail. A proper writ issued on the 3d day of August. On that day appellant brought appellee before one of the judges of the court, and made his sworn return to the writ. In this he stated that he held appellee in custody by authority of an order and judgment of the criminal court of Marion county, which is made a part of the return, and that appellee at no time objected to the legal authority of the judge *pro tem.* until he made his motion for a new trial, which was long after the return of the verdict.

To this return appellee filed a demurrer, which was sustained, and appellant excepted. Declining to make further return, judgment was rendered, discharging appellee from custody. Appellant appealed to the general term of the court, and assigned for error the ruling upon the demurrer. The judgment at special term was affirmed; appellant excepted, and has appealed to this court.

In this court appellant assigns for error the ruling of the court below at general term, and by proper assignment challenges the sufficiency of the complaint.

Appellee has filed no brief in this court. The important question presented by the record, and the only one discussed by appellant's counsel, is, was the judgment of the criminal court, in the case of the State against appellee, legal and valid as against the collateral attack made upon it in this proceed-

ing.   This enquiry involves the validity of the appointment of Mr. Duncan as judge *pro tem.* of the criminal court.   Questions identical with these, in principle, were involved in the recent case of *State, ex rel.*, v. *Murdock*, 86 Ind. 124, and were carefully examined and decided.   Applying the reasoning and conclusions in that case to this, the judgment must be reversed, on the ground that the complaint is insufficient, and the court below erred in sustaining the demurrer to the return of appellant to the writ.

The judgment is reversed, at the costs of appellee.