Filed March 13, 1884.

---

No. 9788.

## MOORE ET AL. *v.* TRIMBLE ET AL.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside.*—*Judicial Sale.*—*Notice of Fraud to Purchaser.*—*Demurrer.*—In an action to set aside a conveyance of real estate on the ground of fraud, where the complaint

shows that the defendant's grantor derived his title through the medium of an intervening judicial sale, in good faith, for value and without notice of the alleged fraud, the complaint is bad on demurrer, even though it shows that the conveyance of the defendant was without any valuable consideration.

From the Shelby Circuit Court.

*N. B. Berryman, R. W. Wiles, B. F. Love* and *H. C. Morrison,* for appellants.

*G. M. Wright,* for appellees.

Howk, C. J.—The only questions for decision in this case arise upon the rulings of the trial court in sustaining appellees' demurrers to the appellants' complaint, which rulings are assigned here as errors.

In the complaint of the appellants, in form a petition, it was alleged, among other things, that on June 21st, 1870, one John Boran, being then the owner of the undivided one-half of four and one-half acres of land, particularly described, in Shelby county, executed a mortgage to John Trimble upon his one-half interest in such real estate, to secure the payment of his note for $454.29, due twelve months after date, with ten per cent. interest, which mortgage was, on the same day, recorded in the mortgage record of the recorder's office of Shelby county ; that afterwards, in April, 1873, John Trimble died intestate, at said county, leaving as his only heirs at law the appellants, Phœbe Moore, Sarah Patterson and Elmira Cole, and the appellees, John, Levi, Elizabeth and Rebecca Trimble ; that on September 30th, 1873, before the appointment of any administrator of the estate of John Trimble, deceased, his said heirs filed a complaint in the court below, for the foreclosure of said mortgage, making defendants thereto John Boran and others, as the only heirs at law of Jesse F. Boran, deceased ; that such proceedings were thereon had that in March, 1874, a decree of foreclosure was rendered, and for the sale of the real estate mortgaged, to satisfy the sum of $635.95 then due, and costs therein ; that on October 20th, 1874, a copy of such decree was issued to the sheriff of Shelby

county, who, on November 14th, 1874, sold such real estate
to Nathan Moore, as administrator of the estate of John
Trimble, deceased, for $702.60, and executed to him a certif-
icate of such purchase; that the said Moore had then been
duly appointed administrator of said estate, and had purchased
the real estate from the sheriff for the use and benefit of the
heirs, and had paid therefor, as such administrator, receipting
to the sheriff for the amount of said decree, and paying him
the costs of such sale out of the moneys of the estate; that
on November 26th, 1875, the sheriff executed to said Moore,
as such administrator, for the benefit of said estate, a deed of
such real estate.

And the appellants further alleged that on November 15th,
1871, one James W. Crook recovered a judgment in said court
against one John Howry and Jesse F. Boran for $181.96, and
costs, upon which judgment execution issued to the sheriff of
the county, who, on June 15th, 1872, sold the undivided one-
half interest of Jesse F. Boran to said James W. Crook, and
issued to him a certificate of purchase therefor; that after-
wards, on June 17th, 1873, the sheriff executed to said Crook
a deed of said real estate, which deed was duly recorded on
July 8th, 1873, in the recorder's office of such county; that
afterwards, on January 23d, 1874, said Crook conveyed such
real estate to Leander Griffin by deed, duly recorded on Feb-
ruary 6th, 1875, in such recorder's office; that on February
18th, 1874, Leander Griffin filed his complaint for partition
against Amanda Kemp, then the owner of the other undivided
one-half of said real estate; that such proceedings were had
thereon that, on January 7th, 1875, the court ordered a sale
of the whole of such real estate at private sale; that on April
1st, 1875, the commissioner appointed by the court in such
partition suit sold and by deed conveyed such real estate to
Hanly Wray for $2,000; and that afterwards the said Hanly
Wray, by his deed, without any valuable consideration, con-
veyed such real estate to his daughter, Amanda Kemp.

The appellants further averred that said Leander Griffin

was the attorney for the heirs of John Trimble, deceased, in their suit for foreclosure and in obtaining their decree; that said Griffin concealed from said heirs the fact that he had obtained his said deed from said Crook; that after the decree of foreclosure was rendered, the said Moore, as such administrator, under the advice of said Griffin, caused a copy of such decree to be issued for the sale of said real estate to satisfy said decree; that in the matter of such decree, and in the sale and purchase of such real estate, the said Griffin, who was an attorney at law, was the attorney of said Moore, as such administrator; that at the time said Moore, as administrator, so purchased said real estate at sheriff's sale, he and the Trimble heirs were wholly ignorant of the fact that said deed had been executed to said Griffin, or that he, Griffin, had any right, title or interest in or to such real estate, or any part thereof, and of the fact that said Crook had purchased such real estate at sheriff's sale, or in any other manner; that the said Griffin, with the fraudulent intent to cheat and deceive the Trimble heirs and said Moore, as such administrator, before and at the time said Moore purchased said real estate, and with the intent to induce said Moore, as administrator, to purchase the same and to bid thereon the amount of said decree, interest and costs, and to receipt to the sheriff for such amount as the consideration of such purchase, falsely and fraudulently represented to said Moore that he, Griffin, knew of no one who had any title or interest whatsoever in said real estate, except the heirs at law of said Boran, who had been made defendants in said foreclosure suit, and that if said Moore should buy the same at the sheriff's sale upon said decree, his title thereto would be good, and that no other party or parties, except the defendants in such foreclosure suit, had any claim, title or interest in said real estate, or any part thereof; that said Moore, through such advice, representations and persuasions of said Griffin, was induced to and did purchase said real estate at such sheriff's sale, for the price aforesaid, and as a part of his bid paid the costs, and receipted to the sheriff,

as such administrator, for the principal and interest of said decree; that the said Griffin, at the times he made such representations to said Moore, well knew them to be false, and that he was then holding the deed so executed to him by said Crook; that the interest claimed by said Griffin in said partition suit, and therein adjudged to belong to him, was the same interest in said real estate which he claimed under his conveyance from said Crook; and that at the time said Wray purchased said real estate from the commissioner, under the partition sale, he, Wray, had full notice and knowledge that the said Moore had, before that time, purchased such real estate at the sheriff's sale under said decree, in said foreclosure suit, and held a certificate of purchase therefor. Wherefore, etc.

Neither Griffin nor Wray were made defendants to this action. The controlling question in the case, and the only question we are required to decide, is this: Does the appellants' complaint state facts sufficient to constitute a cause of action against the appellee Amanda Kemp? If this question must be answered in the negative, and we think it must, then it is clear that the court did not err in sustaining the demurrer of the other appellees to the appellants' complaint; for, unless the appellants are entitled to have the deeds, under which Amanda Kemp claims the entire real estate, set aside as fraudulent and void as to them, and their alleged title quieted as against her, they are in no condition to demand the partition of such real estate as between themselves and any of the appellees, and this was all the relief demanded as against the appellees, other than the Kemps.

We have given the appellants the benefit of a full summary of the allegations of their complaint. It will be seen therefrom that they charge Griffin with false and fraudulent representations, but he is not a party to the suit; and it is difficult, if not impossible, for us to see how or in what manner the charges against Griffin can impeach or invalidate the title of the appellee Amanda Kemp. If it were conceded that the

alleged fraudulent conduct of Griffin would have invalidated his title to the real estate, if he had continued to hold it, in a controversy between him and the appellants, still the allegations of the complaint are wholly insufficient to affect the title of Wray, or of his grantee Amanda Kemp. This would be so, even if Wray had been the grantee of the real estate, in a direct conveyance from Griffin, and it is clearly so when it appears, as it does in this case, that the grantee derives his title through the medium of an intervening judicial sale. It is nowhere averred in the complaint that at the time of the commissioner's sale of the real estate, under the judgment of the court in the partition suit, or at any time, the purchaser, Wray, had notice or knowledge of the alleged fraudulent conduct of Griffin in his dealings with the appellants, in relation to such real estate. In the absence of some showing to the contrary, we would be bound to assume what we think the complaint shows, that, at the commissioner's sale of the real estate, Wray was the purchaser in good faith, for value and without notice of the alleged fraud of Griffin. In such a case we are of opinion that the title acquired by Wray, by such purchase of the real estate, was in no manner affected by the alleged fraud of Griffin, of which the appellants complain. *Brown* v. *Rawlings*, 72 Ind. 505; *Sherman* v. *Hogland*, 73 Ind. 472; *Brookville Nat'l Bank* v. *Kimble*, 76 Ind. 195.

Wray having acquired a title to the real estate, not affected by the alleged fraudulent conduct of Griffin, could, and doubtless did, convey the same title, similarly unaffected by Griffin's fraud, to his grantee and daughter Amanda Kemp, even though his conveyance to her was "without any valuable consideration."

We find no error in the record.

The judgment is affirmed, with costs.

Filed March 13, 1884.