Smurr *v.* The State.

Filed Jan. 26, 1886.

———————

No. 12,119.

SMURR *v.* THE STATE.

CRIMINAL LAW.—*Self-Defence.*—*General Rule.*—*Exception.*—It is the general rule that a brother may lawfully defend his brother when in peril, and, if need be, take life in such defence, but where both brothers are in fault, and unite in bringing on the fatal rencounter, this rule does not apply.

SAME.—*Jurisdiction.*—*Waiver of Irregularity.*—Where a judge assumes to act under lawful authority, his acts will not be void, and if in a criminal case the accused voluntarily goes to trial without objection, an objection after conviction will be too late to be of avail.

COURTS.—*Adjourned Term.*—*Jurisdiction.*—Where a judge, having statutory authority to appoint an adjourned term of court, does make an order in term time for holding an adjourned term, causes notice of such adjourned term to be given, appears at the time and opens court, the proceedings at such a term are not void although held at a time when another court of the same circuit might have been in session under the statute, and was in session, presided over by a special judge.

From the Whitley Circuit Court.

*S. E. Sinclair* and *H. C. Hanna,* for appellant.

*C. M. Dawson,* Prosecuting Attorney, *H. Colerick* and *W. S. Oppenheim,* for the State.

ELLIOTT, J.—On the 22d day of September, 1883, the Whitley Circuit Court, then being regularly in session, entered an order directing that an adjourned term be held commencing on the 29th day of October, 1883, and notice was given of the adjourned term according to law.   The time

fixed in the order was a time when, under the provisions of the statute, the court in Kosciusko county might be in session, and Kosciusko county in conjunction with Whitley county constituted the thirty-third judicial circuit. The court in the former county was actually in session on the 23d day of October, 1883, and continued in session during the time the trial of the appellant was in progress, the judge of the thirty-third circuit having appointed a special judge to hold that court. The adjourned term of the Whitley Circuit Court, at which the appellant was tried, was held by the duly elected judge of that court. The appellant entered into trial without any objection, and made none until after verdict, and then, for the first time, presented the question of the authority of the judge of the thirty-third judicial circuit to hold the adjourned term.

The statute fixes the time for holding the courts in the thirty-third circuit, and we know judicially that the September term, 1883, of the Whitley Circuit Court, began on Monday, September 3d, and ended on the 22d day of that month. We know, also, that the September term of the Kosciusko Circuit Court began on the Monday following the close of the Whitley Circuit Court, and as the term of the latter court began on the day named, Monday, September 24th, 1883, it had been in session five weeks when the judge convened the adjourned term pursuant to the order previously made and in accordance with the notice duly given. The statute provides that the length of the term of the Kosciusko Circuit Court shall be seven weeks "if the business thereof requires it," but there is no command that it shall continue for that length of time. This statute can not be regarded as absolutely fixing the term at that period, for it declares that it shall continue for that length of time upon condition that the business shall require it. The question whether the business requires that the full term of seven weeks shall be occupied is one to be decided by the judge, for it is not determined by any provision of the statute. *Casily*

v. *State*, 32 Ind. 62; *Swails* v. *Coverdill*, 21 Ind. 271. As the decision of the question as to the length of time that the court shall sit is committed to the judge, his judgment must settle the question, and even if it be conceded that it is a decision that can be reversed on appeal, there must be an objection and an exception in order to present any question for review, for his decision can in no event be anything more than erroneous. This reasoning leads us to the conclusion that the judge was not bound to sit the full period of seven weeks in Kosciusko county, but might abridge the term by an adjournment. It was, therefore, within his power to shorten the term of that court, and if he exercised this authority directly by an order of adjournment, or indirectly by opening an adjourned term in another county of his circuit, it would seem to logically result that the adjourned term would be the one regularly held, and the term left to be held by the special judge be the one that was irregularly held. It is difficult to perceive why the adjourned term held pursuant to an order made in regular session, and held by the duly qualified judge himself, should not be deemed the only legal term. But we do not find it necessary to go to that extent in this case, for it is sufficient for our present purpose to declare that the judge of the thirty-third circuit had authority to abridge the term of the Kosciusko Circuit Court, and that, as he did have this authority, his act in appointing an adjourned term of the Whitley Circuit Court was not void. Where a court has general authority over a class of cases or a general subject, a ruling or order made by it is not void, although it may be erroneous. As said in *Snelson* v. *State, ex rel.*, 16 Ind. 29: "But the power to decide at all carries with it the power to decide wrong as well as right." *Lantz* v. *Maffett*, 102 Ind. 23; *Quarl* v. *Abbett*, 102 Ind. 233, see p. 239. The authority to shorten the length of the term in Kosciusko county carried with it the authority to create a vacation by ending that term, and whether the court did or did not err in deciding that there should be a vacation in the Kosciusko

Circuit Court on and after October 29th, or whether it did or did not make a mistake in the procedure adopted, is immaterial, for no matter how much there is of error in the proceedings of a superior court, the proceedings are not void unless the court transcends its jurisdiction. We need not inquire what the rule would be if the statute had positively fixed the length of the terms of the Kosciusko Circuit Court at seven weeks, for the term was not definitely fixed, but its duration, within the limits prescribed, was left to be determined by the court itself. The utmost that can be granted the appellant is that the adjourned term was held under an order erroneously made; it can not be declared that it was held without any authority whatever, and unless it was so held the proceedings were not void.

There is high authority for the proposition that, independent of statutory warrant, courts of superior jurisdiction have authority to hold adjourned terms. *Mechanics' Bank* v. *Withers*, 6 Wheat. 107; *Harris* v. *Gest*, 4 Ohio St. 469; *Casily* v. *State, supra.* We have, however, a statute authorizing courts to appoint adjourned terms, and a court assuming to act under that statute can not be said to act without color of authority, although it may proceed erroneously. The only possible objection to the proceedings of the court in this instance is, that it fixed the time for holding the adjourned term at a time when another court in the same circuit might have been in session; but, as the term of the other court might have been abridged by the order of the judge so that it would not have been in session at the time fixed for the adjourned term, and as the order for the adjourned term was made while the court was lawfully in session, and under a statute conferring authority to hold adjourned terms, the order for holding that term can not be regarded as void. The utmost that can be justly said in impeachment of that order and the acts done under it, is that they were erroneous, since the mistake, if mistake there was, consisted solely in wrongly deciding upon the force and effect of the statute. We do not

controvert the general doctrine that a court can not be held at a time when there is clearly no authority to hold it; nor do we impugn the general doctrine that it is error to hold two courts in the same circuit at the same time, where there is no statutory provision authorizing it. *Cain* v. *Goda*, 84 Ind. 209; *Batten* v. *State*, 80 Ind. 394; *McCool* v. *State*, 7 Ind. 378; *Dunn* v. *State*, 2 Ark. 229; *In re Millington*, 24 Kan. 214; *Garlick* v. *Dunn*, 42 Ala. 404; Freeman Judg., section 121.

It is not necessary to question the soundness of the general doctrine stated, for here there was power in the court to create a vacation by an order, and there was also power to order an adjourned term, so that here there is no question as to the existence of power in the court to make a decision, but the sole infirmity in the proceedings relates to the mode of exercising the power residing in the court. In every case in which a court makes an erroneous ruling there is a wrongful exercise of authority, but such a wrongful exercise of authority does not render the proceedings void, although it does make them erroneous. The question of power or authority might, perhaps, have arisen had the adjourned term been fixed at a time when the law imperatively required that the Kosciusko Circuit Court should be in session, but its adjourned term was not fixed at a time when that court was required to be in session; on the contrary, it was fixed at a time when the judge might rightfully have adjourned that court. This feature is a prominent one, and distinguishes the case from such cases as that of *In re Millington, supra.* If the judge had made the proper order declaring the Kosciusko Circuit Court adjourned after five weeks of the term had expired, as he undoubtedly might have done, there could have been no question as to the regularity of the adjourned term held by him in Whitley county, and the error in this respect, while it might, perhaps, have been available had objection been seasonably made, can not be deemed to render the order for the

adjourned term void, and if that order was not void, the trial at that term was not a mere nullity. *Casily* v. *State*, 32 Ind. 62; *Knight* v. *State*, 70 Ind. 375; *Labadie* v. *Dean*, 47 Texas, 90; *State* v. *Clark*, 30 Iowa, 168; *Cook* v. *Smith*, 54 Iowa, 636.

Principle and authority logically lead to the conclusion that nothing worse can be said of the adjourned term than that it was irregularly held; it can not be justly affirmed that it was held without color of authority.

In the case of *State* v. *Knight*, 19 Iowa, 94, it was held that a judge might continue a term of court into the time fixed by law for holding a court in the same district, and the earlier cases of *Davis* v. *Fish*, 1 Greene, Iowa, 406 (48 Am. Dec. 387, see n. p. 392), and *Grable* v. *State*, 2 Greene, Iowa, 559, were in effect overruled. It was held by the same court in *Weaver* v. *Coolidge*, 15 Iowa, 244, that a judgment rendered three days after the time fixed for the commencement of another court in the same district was not void, and in *State* v. *Clark*, *supra*, and *Cook* v. *Smith*, *supra*, like rulings were made. In the very recent cases of *State* v. *Stevens*, 25 N. W. R. 777, and *State* v. *Peterson*, 25 N. W. R. 780, it was held that a judgment pronounced at a term continued after the time fixed for another term of the same district was not even erroneous. The Supreme Court of Wisconsin, in *State* v. *Leahey*, 1 Wis. 225, denied the doctrine of the two early Iowa cases, as well as that of *Archer* v. *Ross*, 2 Scam. 303, and decided that holding a court during the time designated by law for holding another court in the same judicial circuit did not invalidate the proceedings.

In the case of *State* v. *Montgomery*, 8 Kan. 351, a like doctrine was declared. In this last case it was said: " The Legislature have named the day for the opening of a term, but have not for the closing. That is confided to the discretion of the judge, and is determined by the amount of business and the necessity of suitors." This is the case here; the time is fixed for opening, but not for closing, the Kosciusko Circuit

Court; that, as we have seen, was left to the judgment of the judge. *Brewer* v. *State*, 6 Lea, 198, decides that although a judge *pro tempore* appoints an adjourned term, and orders it to be held at a time when another court of the same circuit might be in session, the proceedings are not void. The court placed its decision upon the same principle as that which sustains the rulings of a judge *de facto*, and said, among other things: " Nor does the fact that the term of another court of the circuit commenced in the interval, affect the result. This very point arose and was decided in favor of the validity of the proceedings in *Cheek* v. *Merchants' Nat'l Bank*, 9 Heiskell, 489."

In *Venable* v. *White*, 2 Head, 582, it was held that where no objection is made, and there is color of authority for holding the term, although the statute under which the judge assumed to act had been repealed, still the proceedings were not void. It was there said: " There can be no doubt whatever, upon reason and authority, that a judgment given by a judge *de facto*, sitting and holding court at the proper time and place, is as valid and free from error as a judgment pronounced by a judge rightfully in office. If so, upon what reason shall we hold that the judgments and decrees of a judge regularly in office are erroneous, because he held his court under color of a law that turned out to be repealed or invalid ? " In *Henslie* v. *State*, 3 Heisk. 202, the same general principle is declared.

The cases, and among them our own, declare that where an adjourned term is held under color of authority, it will be presumed that it was properly ordered and held. *Porter* v. *State*, 2 Ind. 435; *Shirts* v. *Irons*, 28 Ind. 458; *Harper* v. *State*, 42 Ind. 405; *Cook* v. *Skelton*, 20 Ill. 107; *State* v. *Clark*, *supra*; *Cook* v. *Smith*, *supra*. This principle justifies the conclusion that where there is color of authority the proceedings can not be deemed void, since it is an elementary rule that no presumption can sustain a void act.

The principle which governs in cases in which the court is

held by a judge *de facto* is essentially the same as that which governs the present. If a judge not legally elected or qualified may, if acting under color of authority, pronounce valid judgments, it can not be doubted that, upon the same principle, judgments pronounced at a term not legally held, but yet held by the duly qualified judge under color of law, must be valid. The reason for the rule is stronger and clearer where the judge *de jure* holds a term of court at an improper time, but under color of authority, than where a term of court is held by a judge who actually has no legal right and simply acts under color of authority, yet the law is quite well settled that the acts of a judge, who is only such *de facto*, are not void. We have many cases in our own reports declaring and enforcing this general rule. The decision in *Case* v. *State*, 5 Ind. 1, supplies a striking illustration. In that case there was a vacancy in the office of judge, and the sheriff and clerk, without any authority whatever to appoint a judge where the office was vacant did appoint a judge *pro tem.*, who held a term of court, and it was decided that his acts were not void. The court there said: "The appointment constitutes a part of the record. It appears in legal form, and gave to the appointee at least a colorable title to the office. He was no usurper, but supposed himself to be rightfully invested, and acted in good faith. A court *de facto*, if not *de jure*, was thus constituted: During the trial, no attempt was made to impeach the authority of that court. And after conviction it was too late to question the validity of the title under which its duties were exercised." This doctrine has been adopted and acted upon in many cases. *Jones* v. *State*, 11 Ind. 357; *Shattuck* v. *State*, 11 Ind. 473, p. 478; *Feaster* v. *Woodfill*, 23 Ind. 493, see p. 497; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *State, ex rel.*, v. *Murdock*, 86 Ind. 124; *Moore* v. *Trimble*, 94 Ind. 153; *Rogers* v. *Beauchamp*, 102 Ind. 33.

In *Taylor* v. *Skrine*, 2 Tread. (S. C.) 696, it was held that the acts of one claiming to be a judge by virtue of an unconsti-

tutional statute were not void, and this doctrine was approved in *Creighton* v. *Piper*, 14 Ind. 182. The decision in *Gumberts* v. *Adams Express Co.*, 28 Ind. 181, is that where a party goes to trial before an acting justice of the peace without objection, he can not, on appeal, be heard to question the authority of the justice to try the cause.

In *Oppenheim* v. *Pittsburgh, etc., R. W. Co., supra,* it was held that where a party went to trial before a judge *de facto,* he waived all questions as to the right of the judge to hear and decide the case. We have many cases declaring that where a party goes to trial without objection before a judge assuming to act under color of authority, he can not, after judgment or conviction, successfully make the objection that the judge had no authority to try the cause. *Feaster* v. *Woodfill, supra; Mitchell* v. *Smith,* 24 Ind. 252; *Watts* v. *State,* 33 Ind. 237; *Winterrowd* v. *Messick,* 37 Ind. 122; *Rose* v. *Allison,* 41 Ind. 276; *Kennedy* v. *State,* 53 Ind. 542; *State, ex rel.,* v. *Murdock, supra; Fassinow* v. *State,* 89 Ind. 235; *Adams* v. *Gowan,* 89 Ind. 358; *Huffman* v. *Cauble,* 86 Ind. 591; *Board, etc.,* v. *Seaton,* 90 Ind. 158; *Kenney* v. *Phillipy,* 91 Ind. 511; *Myers* v. *State,* 92 Ind. 390, see p. 396; *Wood* v. *Franklin,* 97 Ind. 117; *Rogers* v. *Beauchamp, supra.*

Other cases proceeding upon the same general principle hold that " The statute fully authorizes the court to hold an adjourned term for the purpose of completing the business undisposed of, and the contrary not appearing," the Supreme Court " will presume that the court was regularly held and the cause properly brought to trial." *Wood* v. *Franklin, supra; Shirts* v. *Irons, supra; Hanes* v. *Worthington,* 14 Ind. 320. A similar ruling was made in *Shircliff* v. *State,* 96 Ind. 369.

There is some confusion, and perhaps conflict, in the earlier cases, but the later cases, supported, as they are, by all the well considered cases in our reports, must be regarded as firmly settling the rule, that where a judge assumes to act under lawful authority, and there is color of authority, his acts

will not be void, and that if the party voluntarily goes to
trial without objection, an objection after conviction will be
too late to be of avail.   This is in harmony with the great
weight of authority elsewhere.   *Bank of North America* v.
*McCall,* 4 Binney (Pa.) 371; *State, ex rel.,* v. *County Court,*
50 Mo. 317; *Blackburn* v. *State,* 3 Head, 690; *Clark* v. *Com.,*
29 Pa. St. 129; *Com.* v. *Hawkes,* 123 Mass. 525; *Com.* v. *Ta-
ber,* 123 Mass. 253; *Sheehan's Case,* 122 Mass. 445; *State* v.
*Anone,* 2 Nott & Mc. 27; *State* v. *Alling,* 12 Ohio, 16; *Master-
son* v. *Matthews,* 60 Ala. 260; *Mayo* v. *Stoneum,* 2 Ala. 390;
*State* v. *Carroll,* 38 Conn. 449.

The ultimate conclusion which we have reached is this:
Where a judge, having statutory authority to appoint an ad-
journed term of court, does make an order in term time for
holding an adjourned term, causes notice of such adjourned
term to be given, appears at the time appointed and opens
court, the proceedings at such an adjourned term are not void
although held at a time when another court of the same cir-
cuit might have been in session under the statute, and was in
session, presided over by a special judge.

As the proceedings were not void, the failure of the ap-
pellant to object at the trial is a waiver of all questions as to
the regularity of the proceedings at the adjourned term.   If
he had made an objection before conviction, we should have
been faced by a very different question from that which the
record presents.   It is not necessary for us to decide, nor, in-
deed, would it be proper for us to do so, what would be the
rule if an objection were made before trial to proceedings at
an adjourned term held under such circumstances as that at
which the appellant was convicted.

The conclusion which we have reached does the appellant
no substantial injury, for he was tried by the rightful judge
and was denied no right for which he asked.   The utmost
that can be said is, that the adjourned term was irregularly
held by the proper judge, and, as the appellant lost no sub-
stantial rights by the alleged error of the judge, and made no

objection until after trial, we can not, under the rule declared by our statute and enforced by our decisions, reverse the judgment.

From the earliest to the latest of our decisions, it has been held that where there is an irregularity in the proceedings it is waived by a failure to object at the proper time. Our cases carry this doctrine so far as to hold that there may be a waiver of constitutional rights, and in this they are sustained by the great weight of authority. *Lowery* v. *Howard*, 103 Ind. 440; *Thomas* v. *State*, 103 Ind. 419; *Butler* v. *State*, 97 Ind. 378 ; " Waiver of Constitutional Rights in Criminal Cases," 6 Crim. Law Mag. 182 ; *In re Staff*, 63 Wis. 285.

It results from this principle that the failure of the defendant to object before conviction concludes him from questioning the regularity of the proceedings at the adjourned term. This conclusion is in harmony with the spirit of our criminal code, which, while it awards to an accused liberal and ample opportunity to present objections to the rulings of the trial court, requires that all objections should be seasonably presented to that court. The rule is just in itself, and salutary in its practical operation. An accused who voluntarily enters upon a trial without objecting to the regularity of the order appointing the term at which he is tried, and takes the chances of a trial, ought not, after conviction, to be permitted to object that the term was not regularly held, since such a practice would enable a felon to oftentimes defeat justice by securing delay. And it would entail upon the courts and the public an expense and inconvenience that one accused of crime has no right to demand that they should be compelled to bear.

It is the general rule that a brother may lawfully defend his brother when in peril, and, if need be, take life in such defence, and so the law was declared in the instruction of the trial court which is assailed in argument. But this general rule is not without exceptions. Where both the brothers are in fault, and unite in wrongfully bringing on the fatal rencounter, the general rule does not apply. It would be rank

injustice to permit a man who has joined his brother in attacking another, to take the life of the person whom they had wrongfully attacked, at least without retreating, or, in good faith, attempting to retreat. It may be, that if the appellant had not been a participant in the combat he might lawfully have interfered in defence of his brother, for the law allows a brother, in case of need, to defend a brother. *Waybright* v. *State,* 56 Ind. 122 ; 1 Bishop Crim. Law, section 877. But there are well reasoned cases holding, that if the brother in whose defence the accused engages is in the fault, and has not retreated, or attempted to retreat, the interference is not justifiable or excusable. *Cain's Case,* 20 W. Va. 681 ; *State v. Greer,* 22 W. Va. 800, see pp. 818, 819.

In this case, however, we need not go so far as the court did in the cases referred to, for here the instruction proceeds, as well it may under the evidence, upon the hypothesis that both of the brothers were participants and principals in the encounter that resulted in the killing of the deceased. 1 Bishop Crim. Law, section 604 ; 1 Whart. Crim. Law, section 478. In such a case, the accused can not go acquit on the ground of self-defence if he was himself in fault and so continued. *Barnett* v. *State,* 100 Ind. 171 ; *Story* v. *State,* 99 Ind. 413 ; *McDermott* v. *State,* 89 Ind. 187 ; *Presser* v. *State,* 77 Ind. 274.

If, however, we were wrong in our construction of the instruction and in our view of the law, the judgment could not be reversed, for the reason that the contention of the State, stoutly made and earnestly pressed, that the motion for a new trial does not assign for error the giving of the instruction here assailed, must be sustained.

We can not reverse upon the evidence. Two juries have convicted upon it, two trial judges have sustained these convictions, and, when the case was here before upon substantially the same evidence, this court, after adverting to the theory of the defence, said : "At all events, as there is evidence in the record fairly sustaining the verdict, we can not

disturb the judgment of the court below upon the sufficiency of the evidence." We have, notwithstanding the fact that two juries have convicted, and two trial judges approved the convictions, and the further fact that this court has once sustained the contention of the State as to the sufficiency of the evidence, again carefully examined the evidence, and can reach no other conclusion than that it sustains the verdict. There may possibly be mitigating circumstances that would render the exercise of executive clemency proper, to mitigate the severity of the punishment, but, however this may be, there is nothing that will justify us in setting aside the verdict.

