George, Weeks & Co. v. Swafford Bros.

GEORGE, WEEKS & CO. v. SWAFFORD BROS. *et al.*

1. **Sale**: CONDITIONAL: FAILURE OF CONDITION: MONEY DEMAND: EVIDENCE. Where goods are sold and delivered upon an agreement to take secured notes in part payment, provided they are found upon investigation to be satisfactory, and, if not, a part of the goods to be returned or other provisions made for payment, and the notes are returned as unsatisfactory, but the goods are not returned nor payment otherwise provided for, the transaction ripens into an absolute sale, and a money demand arises for their value; and evidence of such facts is properly admitted to sustain a petition alleging an absolute sale, where it appears by the averments of the answer that the defendants will not be surprised by such evidence.

2. **Continuance**: DILIGENCE. A continuance on account of the absence of a witness was properly denied, because it did not appear that due diligence had been used to secure his attendance.

3. **Amendment**: TIME TO ANSWER: WHEN NOT GRANTED. There is no error in refusing time to answer an amendment filed to conform the petition to the proofs, where the record shows that the cause was in fact tried upon the theory disclosed by the amendment.

4. **Instructions**: AS TO THEORY NOT RAISED. The court is under no obligation to instruct the jury in regard to a theory, not raised by the pleadings, nor claimed to be true by either party, nor sustained by the testimony of any witness. (See opinion for illustration).

5. **Estoppel**: BY SILENCE: EVIDENCE. The silence of one of the plaintiffs in the presence of a conversation between one of the defendants and a third person in regard to the contract in question did not work an estoppel, where he did not at the time know the terms of the contract, and was under no obligation to speak; and evidence of such facts was properly excluded.

George, Weeks & Co. v. Swafford Bros.

6. **Practice:** MISCONDUCT OF COUNSEL: DUTY AND DISCRETION OF TRIAL COURT: APPEAL. It is improper and censurable practice for an attorney to make statements, designed to prejudice a party to the suit, which are not justified by the record in the case; and a question which charges dishonesty, though withdrawn, may be as prejudicial as a statement to the same effect. And it is the duty of courts to require attorneys to observe this rule, and, when it is violated, to set aside the verdict, unless satisfied that the misconduct was not instrumental in securing it. But an application to set aside the verdict must be determined by the trial court in the exercise of a sound discretion, and this court will not interfere unless an abuse of such discretion is shown.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, OCTOBER 13, 1888.

ON the twenty-fifth day of March, 1887, the plaintiffs, A. B. George, Weeks & Co., filed their petition in this action, in which they alleged that on the thirty-first day of January, 1887, they sold and delivered to defendants, Swafford Bros. and others, merchandise, for prices amounting, in the aggregate, to $1,028.72, all of which was due and unpaid. A bill of particulars, showing the articles sold, and the price of each, was attached to the petition. To this defendants answered, denying indebtedness; admitting that the goods described were delivered to them; but alleging that they were so delivered, pursuant to a verbal agreement, in exchange for certain notes and mortgage, amounting to eight hundred dollars, and two hundred dollars in money, payable in thirty, sixty, ninety and one hundred and twenty days; that defendants delivered the notes and mortgage, and made the first payment to plaintiffs; that plaintiffs refused to retain said notes, mortgage and money, and returned the same to defendants, by whom they are held subject to the order of plaintiffs. A trial to a jury was commenced. When the plaintiffs had offered their evidence in chief and rested, defendants offered to and did confess judgment in favor of plaintiffs for $233.02, and costs of suit up to that time. Defendants then filed a motion, asking the court to instruct the jury to return a verdict for them as to plaintiffs' alleged cause of action

not confessed. This was overruled, and the trial continued.

After all the evidence had been submitted, and the arguments to the jury had been made, but before the jury had been instructed by the court, the defendants applied for a continuance of the cause, on the ground that they had been misled by plaintiffs' pleadings. The affidavits filed in support of the application alleged that the testimony of one W. A. Preston was material to the defense, and that he had left the state on the evening of July 6, 1887. Counter-affidavits and objections were filed by plaintiffs, and the application was overruled. After this ruling was made, plaintiffs filed an amendment to their petition, for the purpose of making it conform to the proofs. The amendment stated that it was agreed that plaintiffs should take the notes and mortgage, and investigate the same; and, if they were found to be satisfactory to them on investigation, they were to be accepted as payment, and credit for their amount given to defendants; but if they were not found to be satisfactory, and no other terms of payment were agreed upon, then defendants had the option to return that portion of the merchandise delivered to them called the "leather goods;" that upon investigation plaintiffs found that the notes and mortgage were not satisfactory, and refused to accept them, and so notified defendants; that defendants refused to make other arrangements for paying for the goods, and refused to return them. Defendants objected to the filing of the amendment, but their objection was overruled. Plaintiffs offered to waive verification to the answer to their amendment. Defendants thereupon asked time to prepare an answer and defense to the matter set out in the amendment, but were denied. They then filed an answer, and the cause was submitted to the jury. A verdict and judgment were rendered for plaintiffs for $1,028.72. Defendants appeal.

*Henry Rickel*, for appellants.

*Mills & Keeler*, for appellees.

George, Weeks & Co. v. Swafford Bros.

ROBINSON, J.—Appellants insist that the notes and mortgage in question were delivered by them, and received by appellees, as an absolute payment, to the amount of eight hundred dollars.   Appellees claim that they were received conditionally, to be credited to appellants if found to be satisfactory, otherwise to be returned ; that appellants had the right to return the goods when notified that the notes and mortgage were not satisfactory ; and that, having failed to exercise that right, or make other arrangements for payment, they are liable for the agreed price of the goods.

I.   Appellants contend that, since the original petition of appellees sought to recover for an absolute

1. SALE: conditional: failure of condition: money demand: evidence.

sale of goods, while the proof submitted tended to show a conditional sale, the cause of action set out in the petition was wholly unsupported by the evidence, and therefore that their motion to instruct the jury in their favor should have been sustained.   We do not think this view is correct.   If the facts were as claimed by appellees, when defendants failed to return the goods or make other arrangements to pay for them, the original transaction ripened into an absolute sale, and appellants' liability to pay the agreed price in money thereby became fixed.   "Ultimate facts alone should be pleaded, and not the evidence which tends to prove such facts." *Barbee v. Hamilton*, 67 Iowa, 420.   We think the allegations of the original petition were sufficiently broad to allow a recovery on the evidence submitted.   *Haywood v. Woods*, 28 Iowa, 563.   But it is said that the facts pleaded were not sufficient to apprise defendants of the evidence to expect, and that they were surprised by evidence improperly admitted to sustain an agreement set out for the first time in the amendment.   That is hardly possible, for the reason that they put the facts involved in the transfer of the notes and mortgage in issue by their answer.   *Cook v. Smith*, 54 Iowa, 636.

II.   It is said that the court erred in not allowing defendants time to procure the testimony of Preston, and

**2. CONTINUANCE:** to prepare an answer and defense to the
**diligence.** amendment to the petition. The offering
of evidence was closed on the ninth day of July,
1887. The counter-affidavits filed by plaintiffs show that
Preston was then in Cedar Rapids, and that his
attendance at the trial could have been procured by the
use of due diligence. It is also shown that he was in
the city on the seventh day of the same month, when a
subpoena was issued for him. In our opinion due
diligence to procure his testimony was not shown, nor
was there merit in the application for a continuance to
**3. AMENDMENT:** prepare an answer and defense to the
**time to an-** amendment. From the nature of the issues,
**swer: when**
**not granted.** defendants must have been apprised that
they would need to show all the facts in regard to the
transfer of the notes and mortgage. We are inclined
to the opinion that the amendment was not in fact
material. *Cook v. Smith, supra; Lemke v. Daegling,*
52 Wis. 501. But, however that may be, there is
nothing in the record to justify the claim that additional
time was needed by defendants to enable them to
present the merits of their defense. The record shows
that the case was tried on the part of the plaintiffs,
from the beginning, on the theory disclosed by the
amendment. Therefore, we think the court properly
refused the time asked.

III. Appellants complain of the sixth and eighth par-
agraphs of the charge to the jury, on the ground that they
**4. INSTRUCTIONS:** ignore certain testimony of two witnesses,
**as to theory** which it is claimed shows that the notes
**not raised,**
and mortgage were to be retained, and credit
given therefor if they proved to be as represented by
defendants. But the testimony of these witnesses,
taken as a whole, does not sustain the claim of appellants
in regard to it. Detached portions of their testimony
alone tend to sustain it. The court was under no
obligation to instruct the jury in regard to a theory not
raised by the pleadings, nor claimed to be true by
either party, nor sustained by the testimony of any
witness.

IV.   Appellants complain that the court excluded evidence of a conversation between one of the defendants and a third person, in the presence and hearing of one of the plaintiffs, had on the day the agreement of sale was made, and before the delivery of the goods.   It is claimed that if the terms of sale were stated in that conversation substantially as they are now claimed to be by defendants, and the plaintiff who heard it remained silent, his silence would have been evidence of assent. It is true that, under some circumstances, the silence of a person whose duty it is to speak may operate as an estoppel.   In this case it was not proposed to show that the agreement had been fully settled when the conversation was had, nor that the plaintiff who heard it in fact remained silent, nor that he knew at that time the terms of the agreement.   On the contrary, it is shown that he did not make the agreement, and only knew its terms from what a partner told him.   It does not appear that he was under any obligation, morally or otherwise, to speak ; hence we conclude there was no error, in excluding evidence of the conversation.

*5. Estoppel : by silence : evidence.*

V.   Appellants insist that there was such misconduct during the trial, on the part of one or more of the counsel for plaintiffs, as to warrant a new trial.   A defendant was asked, on cross-examination, in regard to a farm not in any manner involved in the case, "Is that the farm he placed a sixteen hundred dollar attachment on, that you swindled him out of?"   It appears that the person referred to in the question, as having secured an attachment of the farm, was the one to whom defendants had sold their merchandising business after the transactions involved in this action.   We discover no ground in the record for the question.   Before it was answered, it was withdrawn.

*6. Practice : misconduct of counsel : duty and discretion of trial court : appeal.*

One of the attorneys for plaintiffs, in his opening remarks to the jury, stated that "the Swaffords are traders ; they traffic ; they beat somebody ;" and other matters,—some of which were shown to be true by the

record. Some statements, to which counsel for appellants object, were also made by the attorney who made the closing argument to the jury for plaintiffs; but we cannot say that they were not justified by the record. It is improper and censurable practice for an attorney to make statements, designed to prejudice a party to the suit, which are not justified by the record in the case; and a question which charges dishonesty may be as prejudicial as a direct statement to the same effect, even though unanswered. Courts should require attorneys to observe this well-established rule of practice; and, when it is violated, should not hesitate to set aside the verdict, unless satisfied that the misconduct was not instrumental in securing it. But an application to set aside a verdict, on the ground of misconduct of counsel, must be determined by the trial court in the exercise of a sound legal discretion. *Hammond v. Sioux City & P. Ry. Co.*, 49 Iowa, 453. The verdict in this case seems to be sustained by the evidence, and we are not prepared to say that there was any abuse of discretion by the court below.

VI. Counsel have discussed the rulings of the court in regard to the admission of evidence; the sufficiency of the evidence to sustain certain special findings and the verdict. Some of the questions thus argued are disposed of by what we have already said. As to the remainder, it is sufficient to say that we have examined the record with care, and discover no error of a nature to prejudice appellants. The judgment of the superior court is

AFFIRMED.