## MARY TYLER vs. HENRY T. SALLEY.

### Penobscot.    Opinion November 19, 1889.

*Promise to marry.    Pleadings.    Damages.    Evidence.*

In an action for breach of promise to marry, the declaration containing only the necessary averments to sustain such an action, and recovery of general damages, evidence of the plaintiff's seduction by the defendant under the alleged promise of marriage, and of her subsequent delivery of a bastard child, was held inadmissible upon the question of damages.

Such evidence might have been admissible, as tending to show the plaintiff's condition at the time of the breach of promise, under a claim for increased damages on that account; but such increased damages being consequential a special averment in the declaration for their recovery is required.

Under such a declaration, evidence as to the effect upon plaintiff's bodily health, so far as it was the result of the seduction and her pregnancy, was held to be more remote and objectionable.

ON EXCEPTIONS.

This was an action for breach of promise of marriage. The declaration alleging mutual promises, plaintiff's requests for a performance, and a breach by the defendant, concludes as follows: "by reason whereof the plaintiff has been disappointed in securing a pleasant home and the enjoyments of married life, and hath greatly suffered in her mind and affections    *    *    *."

At the trial, the plaintiff, upon the question of damages, offered evidence of her seduction by the defendant, under the alleged promise of marriage, and of her subsequent delivery of a bastard child. The defendant seasonably objected to this evidence, upon the ground that there was no allegation in the declaration of damage from seduction, nor any allegation to which such evidence could apply. The presiding justice admitted the evidence against the defendant's objection.

The defendant's counsel then asked for a continuance, urging as a reason that he had no notice of any claim for damages for seduction, and was unprepared to meet it. It appeared to the presiding justice that the defendant and his local counsel knew for some time before the trial, that the plaintiff claimed that she

had been seduced by him, and he was the father of her child. The request for a continuance was denied.

The plaintiff, upon the question of damages, also offered evidence of the effect upon her bodily health of the breach of the defendant's promise of marriage, and of the seduction, and her pregnancy by him. To this evidence the defendant seasonably objected, upon the ground that there was no allegation in the declaration of any injury to bodily health.

The presiding justice, admitted the evidence against the defendant's objection.

*Barker, Vose & Barker, and T. H. Wentworth,* for defendant.

There should be a special averment of the facts sought to be proved. *Paul* v. *Frazier,* 3 Mass. 71 ; *Burk* v. *Shain,* 5 Am. Dec. 618 ; *Cates* v. *McKenney,* 17 Am. Rep. 768 ; *Coolidge* v. *Neat,* 129 Mass. 146 ; *Tobin* v. *Shaw,* 45 Maine, 331 ; *Stebbins* v. *Palmer,* 1 Pick. 71 ; *Smith* v. *Sherman,* 4 Cush. 408 ; 1 Chitty's Plead. 458 ; 2 Greenl. Ev. § 254 ; *Rising* v. *Granger,* 1 Mass. 47 ; *Cole* v. *Swanton,* 52 Am. Dec. 288 ; *Baldwin* v. *Weston R. R.,* 4 Gray, 333 ; *Laing* v. *Colder,* 49 Am. Dec. 533 ; *Warner* v. *Bacon,* 8 Gray, 397 ; *Dickinson* v. *Boyle,* 17 Pick. 78 ; *Prentiss* v. *Barnes,* 6 Allen, 410 ; *Hunter* v. *Stewart,* 47 Maine, 419 ; *Furlong* v. *Polleys,* 30 Id. 491 ; *Patten* v. *Libbey,* 32 Id. 378 ; *Strong* v. *Whitehead,* 12 Wend. 64 ; *Bedell* v. *Powell,* 13 Barb. 183.

*Ira W. Davis,* for plaintiff.

Counsel cited : *Sherman* v. *Rawson,* 102 Mass. 395 ; *Kelley* v. *Riley,* 106 Id. 339 ; *Baldy* v. *Stratton,* 11 Penn. Stat. 316 ; *Wells* v. *Padgett,* 8 Barb. 323 ; *Tuffs* v. *Van Kleek,* 12 Ill. 446 ; *Kniffen* v. *McConnell,* 30 N. Y. 285.

DANFORTH, J. This is an action for a breach of promise of marriage. The plaintiff in her declaration alleges only the facts necessary to sustain her action and claims only general damages. Upon the question of damages she "offered evidence of her seduction by the defendant, under the alleged promise of marriage, and of her subsequent delivery of a bastard child." This was objected to but admitted, and hence arises the question, whether

it was admissible without a special averment in the declaration.

The distinction between general and special damages and the necessity of a special averment to permit the recovery of special damage is now well settled.

Chitty in his work on Pleading, vol. 1, p. 411, 16th ed., says, "*General* damages are such as the law *implies* or presumes to have accrued from the wrong complained of. *Special* damages are such as *really* took place and are *not implied* by law," with some pertinent illustrations.

Sedgwick in his work on the Measure of Damages, in note on page 677, says, "All legal damages must, whether the action be in contract or in tort, *naturally* result from the act or default complained of; and although the law in certain cases permits the recovery of such damages as are physically secondary or consequential, yet they must in legal contemplation be also its proximate result. When such result is necessary, or is legally imported by the facts, the damages are general and need not be specially set forth by the pleadings; otherwise they must. In the one case, the statement of the cause of action sufficiently apprises the defendant of the extent of the claim. In the other, legal justice, in order to enable him to prepare his defense, requires the further averment of the injurious consequence."

An application of these principles to the case at bar will leave no doubt as to the result.

The law among other things in a case like this implies from a breach of the promise, shame and mortification as well as distress of mind. These naturally and necessarily follow and hence for these the plaintiff is entitled to recover under a simple statement of her cause of action. But she says this is not enough. The condition in which she was at the time and for which the defendant was responsible, tended to increase this shame and distress of mind and for this she wants increased damages. Under this statement she would be entitled to recover. This increased suffering would still be the proximate result of the wrong complained of. So held in *Sherman* v. *Rawson*, 102 Mass. 395, and *Kelley* v. *Riley*, 106 Mass. 339. But though the *proximate* result, it is not a natural or necessary one,—not one implied by the law from a

simple statement of the cause of action,—but arises from another and distinct statement of facts, which are traversable and which must be proved, and to be proved must be alleged. These are facts upon which the defendant is entitled to be heard and of which he has a right to the legal notice before he can be required to answer.

The offer of evidence to prove "the effect upon her bodily health of the breach of the defendant's promise of marriage and of the seduction and her pregnancy by him" is still more objectionable. That, as stated, would not be admissible even under a special averment. The plaintiff was in part at least responsible for the seduction and she cannot recover of her associate in the wrong, damages for it, or its consequences. *Paul* v. *Frazier*, 3 Mass. 71. So far as the loss of health is attributable to the breach of promise alone, if it can be distinguished from the other, the resulting damage must be special for the reasons referred to under the first exception.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.