· NELLIE HERRIMAN, v. DAVID LAYMAN, Appellant.

**Breach of Promise of Marriage:** DAMAGES: BASIS OF RECOVERY.
1    It is not necessary in an action for breach of promise of marriage, that the exact value of defendant's possessions be disclosed, as the same does not form the direct basis of a verdict for damages.

Same: BASIS OF RECOVERY: INSTRUCTION. An instruction which
2    allows pecuniary circumstances of defendant to be considered, but bases recovery on injury to feelings and affections, and loss of marriage and station in life, is sufficient in the absence of a request for a more specific statement of the law.

'Same:  BAD CHARACTER OF PLAINTIFF:  HOW PLEADED.  Plaintiff's
3  bad character is a circumstance tending to lessen the damages,
'but it must be pleaded in mitigation under Code section 3593,
to be available defense.

'Same;  DAMAGES:  SEDUCTION:  EVIDENCE OF.  In an action for
4  breach of promise, seduction cannot be considered an element
of damage unless specially pleaded, though evidence of same
may be received as bearing on promise of marriage.

5  Paragraphs 4 and 5 relate to the admissibility of evidence on
rebuttal and the verdict of the jury.

*Appeal from Henry District Court.*—HON. W. S. WITH-
ROW, Judge.

FRIDAY, DECEMBER 19, 1902.

ACTION for breach of promise; the defendant appeals
from judgment against him.—*Affirmed.*

*Babb & Babb* and *Blake & Blake* for appellant.

*John F. Leech* and *McCoid & Finley* for appellee.

LADD, C. J.—In March, 1898, the defendant employed
the plaintiff as a domestic in his household, and she con-
tinued as such until November 20th following.  According
to her testimony, she had become engaged to marry the
defendant in May or June, and, because of her love for
him and expectation of a home; had yielded to his em-
braces.  She had accompanied him on several occasions,
as on the 4th of July, to the county fair, and possibly to
town, and subsequently to her departure he had repeatedly
taken her out riding.  He denied having been engaged to
or unduly intimate with her, and explained that she simply
rode with him in attending to business matters.  The ex-
planations were not such as the jury was bound or likely
to accept.  The evidence was in conflict, but the finding
of an agreement to marry in April following, which he

failed, on demand, to fulfill, has such support in the evidence as to preclude any interference on our part.

I.   Several exceptions are taken to the court's instructions on the measure of damages.   The jury was told that: "In this connection you may consider what, if anything,,

1. BREACH of promise of marriage: damages: basis of recovery.

the evidence may show as to the pecuniary circumstances of defendant; and the amount, of damages allowed should be such as will fairly compensate plaintiff for injury to her feelings and affections, if there were such, as well as the loss of marriage and the station in life she would have occupied as a result of the marriage, if there was an agreement for marriage, as claimed; and also taking into consideration what the evidence may show as to the character of the plaintiff.   Even though you may find plaintiff entitled to recover, the result of any sexual relations between the parties cannot be considered as an element of damages."   First, it is said that there was no evidence of defendant's financial condition.   This is a mistake.   He testified that he owned a house and lot in Mt. Pleasant,. for which he had paid $1,000, and other evidence showed that he lived on "his farm" and rented another.   True, the exact extent or value of his possessions was not disclosed, but the same definiteness is not required in such a case as where the estimates given form the direct basis of the verdict.   Such evidence is material only in so far as it might aid in showing the station or condition in life which would have been secured by a consummation of the contract.   *Vierling v. Binder*, 113 Iowa, 337; *Rime v. Rater*, 108 Iowa, 61; *Holloway v. Griffith*, 32 Iowa, 409.   But it is said the purpose was not stated.   It will be noticed that, while the instruction allows pecuniary circumstances.

2. SAME: basis of recovery: instruction.

to be considered, compensation is based on (1) injury to the feelings and affections; (2). loss of marriage and the station in life she would have secured.   While the instruction is not as clear as could be:

desired, we think the jury must have understood such consideration to have had reference to what follows, rather than ability to pay damages as suggested. In the absence of a request for more specific statement of the law, that given cannot be treated as erroneous.

II.   Again, it is said that, though the jury is allowed to consider plaintiff's character, the effect of. bad character as tending to reduce damages is not stated.   Nor should it have been.   True, want of chastity before or after the alleged promise is a circumstance tending to lessen damages.   *Denslow v. Van Horn,* 16 Iowa, 476.   But to be available, it must be pleaded in mitigataion.   See *Royal v. Smith,* 40 Iowa, 616.   Alleging it as a defense is not enough.   Under section 3593 of the Code, "no mitigating circumstances shall be proved unless pleaded except such as are shown or grow out of the testimony introduced by the adverse party."   "A party may allege and prove a partial defense, and may do so as to matter in mitigation; but it must be pleaded as such."   *Davenport Gaslight & Coke Co. v. City of Davenport,* 15 Iowa, 6, 19; *Peck v. Parchen,* 52 Iowa, 46, 51.   In *Ronan v. Williams,* 41 Iowa, 680, mitigating circumstances were stated generally in the answer, and, in approving the ruling which sustained a demurrer thereto, the court said:   "Any facts of which evidence is legally admissible may, in cases of this kind, be pleaded to mitigate or otherwise reduce the damages.   Code, section 2682.   But when such facts are pleaded they must not be set up as a defense or justification when they do not amount to that.  They must be pleaded as mitigating circumstances, or as going to reduce the damages, and not as a full defense."   Not having been pleaded by way of mitigation, the court rightly omitted reference to bad character as a circumstance tending to reduce damages.

3. BAD character of plaintiff: how pleaded.

III.   Another fault found with the instruction is that the jury is told that "the result of any sexual relations between the parties cannot be considered as an element of damages."   This, it is argued, does not prohibit the jury from taking into account the alleged seduction and sexual intercourse; that the result—conception and birth of an illegitimate child— only are excluded.   The criticism necessarily involves the assumption that seduction, before it can be considered in aggravation of damages, must be alleged in the petition. Such appears to be the rule.   Though the proximate result, it is by no means the natural or necessary one to be implied from a general statement of the breach of promise. Allowance because of it is in the nature of special damages, to be specifically alleged, especially so in view of our statute authorizing an unmarried female to maintain an action for her own seduction.   Ordinarily, a distinct state of facts is involved, which are traversable by the defendant; and, when not alleged, seduction should not be considered an element of damages.   *Cates v. McKinney*, 48 Ind. 562 (17 Am. Rep. 768;) *Leavitt v. Cutler*, 37 Wis. 46; *Tyler v. Salley*, 82 Me. 128 (19 Atl. Rep. 107).   See *Geiger v. Payne*, 102 Iowa, 581.   The evidence, however, may be received as bearing on plaintiff's claim of a promise.   *Mc- Conahey v. Griffey*, 82 Iowa, 564.   But we think the language of the instruction not fairly subject to the construction contended for.   "Sexual relations" ought not to be treated as synonymous with "sexual intercourse."   The latter is as much the result thereof as conception or the birth of a child, and evidently all were intentionally included in the expression used by the court.   All were properly excluded from consideration, and not merely the intercourse, as in the instruction requested by the defendant.

IV.   The aunt and grandfather hereinbefore mentioned had testified to statements of plaintiff to the effect that she had been unduly intimate with one Davis.   She

*(margin note: 4. SAME: damages: seduction: evidence of-)*

not only denied having made them, but was allowed to testify that they were not true in fact.   As she was a party to the action, such admissions, if made, tended to establish the matter said to have been admitted, and hence her evidence was properly received in rebuttal.

The ruling on the objection to one of the jurors was correct.

V.   The jury returned a verdict for $4,500.   To avoid a new trial, plaintiff was compelled to remit $1,500 of this. Appellant insists that what remains is an excessive allowance.   It is enough to say, without going into details, that a majority of the court, after a careful examination of the record, is not inclined to interfere.—AFFIRMED.