ROBERT MILLER and DAVID D. BAKER, Partners doing business as Royal Film Service, v. J. MILOSLOWSKY, Appellant.

**Bailment:** PLEADINGS: VARIANCE. Plaintiff in this action alleged that he leased certain picture films to defendant with the understanding that they should be returned in good condition, and

also alleged negligence in handling the same. Defendant admitted the agreement to return and the case was tried on the issue of negligence. *Held,* that plaintiff was entitled to recover notwithstanding the plea of special contract.

**Same:** REASONABLE CARE: BURDEN OF PROOF. Where property is delivered to a bailee in good condition and is returned in a damaged condition the law presumes negligence, and the burden is upon him to show that he exercised the required care.

**Same:** NEGLIGENCE: EVIDENCE. In this action for injury to moving picture films by a bailee, the evidence is held sufficient to show that they were negligently handled by defendant and to support a verdict for plaintiff.

**Same:** EXPERT EVIDENCE. A witness having had experience in the handling and use of picture films is competent to give an opinion as to what caused the injury to the same.

*Appeal from· Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, NOVEMBER 20, 1911.

ACTION to recover damages to moving picture films. Verdict and judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*George Wambach,* for appellant.

*N. T. Guernsey* and *C. F. Maxwell,* for appellees.

SHERWIN, C. J.—The plaintiffs herein leased to the defendant certain moving picture films, to be used in the defendant's theaters at Des Moines and Ft. Dodge, and to be returned to the plaintiffs at Chicago.

1. BAILMENT: pleadings: variance. The films were delivered to the defendant in good order, but when they were received by the plaintiffs upon their return to Chicago they were in a damaged condition, and this suit resulted. The plaintiffs alleged that the films were leased to the defendant

with the understanding and upon the condition that they were to be returned in as good condition as when they were sent out, and the appellant says that there was a variance between this allegation and the proof, and that because thereof there should have been no recovery in this action. Other allegations of the petition, however, charge the defendant with negligence in handling said films, and we are inclined to the view that the petition, as a whole, attempted to charge only negligence as a bailee, and that the allegation of an understanding was the pleading of a presumption, rather than an express contract. But, however this may be, the defendant admitted that he was to return the films within a specified time, and the case proceeded and was fully tried upon the issue of the defendant's negligence in handling said films. And, such being the case, the plaintiffs were entitled to recover under the rule announced in *Cook v. Smith*, 54 Iowa, 636, and many more of our cases, which we need not cite. In any event, there was an allegation of negligence, and the plaintiffs might recover thereon, notwithstanding the plea of a special contract. *Kaline v. Stover*, 88 Iowa, 245.

The claim of the appellant that he was a bailee merely, and was bound to exercise ordinary care only, must be conceded, and we think is conceded by the appellees. But

2. SAME: reasonable care: burden of proof.

where chattels are delivered to the bailee in good condition, and are returned in a damaged condition, the law presumes negligence to have been the cause of the damage. *Hunter v. Ricke Bros.*, 127 Iowa, 108; 5 Cyc. 217. And the bailee must then show that he exercised the care required of him by law. *Hunter v. Ricke Bros., supra.*

The appellant is mistaken in the assertion that there was no evidence showing that the defendant was negligent

3. SAME: negligence: evidence.

in handling or using the films. The films were securely inclosed when they were delivered to the express company for shipment to the plain-

tiffs in Chicago, and when they reached there and came into the hands of the plaintiffs the package was unbroken, and evidently in the exact condition that it was in when delivered to the express company by the defendant's agent. It was opened by the plaintiffs, and the films were carefully removed therefrom and examined, and were found to be in the damaged condition complained of. There was also evidence tending to show that the condition in which they were found could only have been produced by negligent use and handling. If the films were in a damaged state when they reached Chicago, and it was apparent that they must have been in the same condition when they were boxed and shipped, the jury was justified in finding that they had been injured through the defendant's negligence, for it was conceded that the defendant received them from the plaintiffs in good condition. What we have already said sufficiently answers the appellant's contention that there was error in the court's instructions. The evidence as to the condition of the package when it reached the plaintiffs in Chicago, and as to the condition of the films when they were removed therefrom, was clearly competent.

The testimony of one of the plaintiffs' witnesses that the "scratches were extended the whole length of the film, showing there was some defect in the machine, the sprocket holes were torn out, showing that the machine had not been properly handled," we think, was properly received. The witness had had long experience with such films, and with their use and handling. In other words, he was an expert in the business, and we think he was shown fully competent to give an opinion as to what caused the injury to the films. Ordinary jurymen know nothing about such matters, or how such films are used or operated. Moreover, the defendant's evidence tended to show that films may be damaged by the use of defective machines and by improper handling. The evi-

4. SAME: expert evidence.

dence sustains the verdict, and the judgment should be, and it is, *affirmed.*