ALMA LEMKE, Appellee, v. HERMAN FRANZENBURG, Appellant.

Marriage and divorce: BREACH OF CONTRACT: ISSUES.   Where the
1   plaintiff in an action for breach of a marriage contract pleaded an unconditional mutual promise, and the defendant while admitting the engagement pleaded that the promise of marriage was conditional upon the plaintiff's regaining her health, which she never did, and for that reason defendant renounced the promise, the case was properly submitted on both issues presented by the petition and answer.

Same: ACTION FOR BREACH:   CONDITION PRECEDENT.   Upon the breach
2   of an unconditional promise of marriage the plaintiff is under no obligation to tender performance as a condition precedent to suit for

damages; but if there was in fact no renunciation, or time fixed for consummation of the contract, a request or offer of performance is necessary.

Same:   ILL-HEALTH AS A DEFENSE. Where defendant knew that plaintiff was in ill-health at the time of his promise of marriage that fact was not a defense to her action for breach of the contract.

Same:   EVIDENCE. Where the defendant admitted that he promised to marry plaintiff on condition that she regained her health, and suggested that she consult a certain physician regarding her health, which she did and reported to defendant that he advised her she was practically cured, it was proper for the physician to testify to that fact and that such trouble as she still had would disappear with her marriage.

Same:   EVIDENCE OF VALUE. The plaintiff in an action for breach of marriage promise is competent to testify to her knowledge of the value of defendant's property.

Same:   DAMAGES: MITIGATION: INSTRUCTION. Where the defendant, knowing of plaintiff's ill-health at the time of his promise of marriage, did not plead that fact in mitigation of damages, failure of the court to instruct that the jury might consider that fact in mitigation was not erroneous.

Same:   VALUE OF DEFENDANT'S PROPERTY: EVIDENCE: INSTRUCTION. Where the evidence warrants it is proper for the court to instruct the jury to consider the pecuniary advantage to plaintiff which would result from the marriage, and in the instant case, while the evidence is meager, it is held sufficient to justify the instruction.

Same:   EXCESSIVE DAMAGES. Where it appeared that defendant was about to inherit the sum of $60,000 a verdict for $4,250 was not excessive for his refusal to marry plaintiff.

*Appeal from Benton District Court.*—HON. CLARENCE
NICHOLS, Judge.

THURSDAY, MAY 8, 1913.

ACTION for breach of promise of marriage. Trial to a jury. Verdict and judgment for plaintiff in the sum of $4,250, and defendant appeals.—*Affirmed.*

*Wade, Dutcher & Davis*, for appellant.

*M. J. Tobin*, for appellee.

Deemer, J.—Plaintiff alleges that there was a mutual agreement of marriage entered into between her and defendant some time in the month of December of the year 1907; that some time in May of the year 1911 the time for the consummation thereof was fixed in the fall, or September, of that year; and that in July of the year 1911 defendant renounced his promise and failed to marry plaintiff as agreed. Defendant admits his engagement with plaintiff, but says it was conditional upon her regaining her health; that this she never did; that instead of renouncing his promise in July of the year 1911, as alleged, the matter was talked over and the marriage indefinitely postponed on account of the condition of plaintiff's health; that the matter was not taken up again, either by him or the plaintiff; and that plaintiff left her usual place of residence and never attempted to resume the engagement or to reconsider the same. On these issues, the case was tried, resulting in the verdict and judgment hitherto stated.

Many propositions are relied upon for a reversal, and it is strenuously insisted that there is not sufficient testimony to support the verdict and that the trial court submitted an issue not made by the pleadings.

The trial court instructed, not only upon the claim made by plaintiff in her petition, but also upon the 1. Marriage and divorce: breach of contract: issues. contract alleged by defendant in connection with plaintiff's reply thereto, and in this there was no error. The law on this subject, as announced in an early case, is as follows:

In the present case the defendants, in addition to the general denial, pleaded another and different contract, by the terms of which the plaintiff was to be compensated in a different manner than under the contract referred to in the

petition. It is unnecessary to determine whether the defendants were compelled to so plead. It was clearly competent for them to do so. (Code, Section 2655.)

We have, then, the case where the plaintiff claims to recover under a certain contract, and the defendants saying not so, but under the contract set up by them; or more correctly, perhaps, the defendants assert the plaintiff is to be compensated under the contract set up in the answer. The material difference between the contracts is the manner in which the compensation was to be ascertained.

There was evidence introduced tending to support both of these contracts, and also tending to show a basis for computing the compensation to which the plaintiff was entitled under the contract pleaded in the answer.

Upon the supposition both parties introduced all the evidence they had, and the case was fully and fairly tried, we think the plaintiff should be permitted to recover, although the jury may have found he was only entitled to recover on the contract pleaded by the defendant. The great and primary object, under the Code practice, is to give every litigant a fair trial on the merits of his action or defense, as the same may be stated in the pleadings. Unnecessary delays should be avoided, and this is true as to costs. If the trial has been fair in every respect upon the merits of the controversy, the plaintiff should not be sent out of court or beaten by an instruction to the jury, and thus compelled to bring another action because of a mistake in the statement of his cause of action in his petition, if the mistake has been cured by any other pleading on file.

In the present case, as a defense, the defendants pleaded, it will be supposed, the only and actual contract. It will further be supposed such contract was established to the satisfaction of the jury, and the plaintiff proved how much he was entitled to recover under such contract; but the defendants say the plaintiff should not recover because we pleaded the true contract and the plaintiff a false one. To allow this to prevail seems to us, under our system of pleading and practice, to be given importance to a technicality which should not, under the circumstances of this case, be tolerated. (*Cook v. Smith,* 54 Iowa, 636. See, also, *Collins v. Collins,* 46 Iowa, 60; *Miller v. Miloslowsky,* 153 Iowa, 135.)

There was also sufficient testimony of an unconditional promise by defendant and of his renunciation of his agreement to take the case to a jury.

Again, as defendant failed to perform his agreement, in accord with the claim made by the plaintiff, and, in fact, renounced the same and closed his attentions to her, plaintiff was under no obligations to offer performance on her part. *Rime v. Rater*, 108 Iowa, 61; 5 Cyc. pp. 1001 and 1005, and cases cited; *Jones v. Layman*, 123 Ind. 569 (24 N. E. 363).

2. SAME: action for breach: condition precedent.

Of course, if there be no renunciation or time fixed, a request for or tender of performance is necessary. *Fible v. Caplinger*, 13 B. Mon. (Ky.) 464.

II. That plaintiff was, to defendant's knowledge, in ill health at the time the promise was made is no defense. *Walker v. Johnson*, 6 Ind. App. 600 (33 N. E. 267, 34 N. E. 100); *Gring v. Lerch*, 112 Pa. 244 (3 Atl. 841, 56 Am. Rep. 314). Defendant did not plead plaintiff's ill health in mitigation of damages, and, from the testimony, a jury was justified in finding that plaintiff had practically recovered her health at the time she claims defendant renounced his promise.

3. SAME: ill-health as a defense.

III. At defendant's suggestion, plaintiff went to see a certain doctor, and, after being treated by this doctor, he announced that she was practically cured; this fact she reported to defendant, as was contemplated by the parties; and the doctor was also permitted to testify, over defendant's objections, as to what he told plaintiff regarding her recovery. There was no error in admitting this testimony, for plaintiff went to this doctor, at defendant's request, for treatment and for his report as to the nature of the case. Plaintiff had also testified, without objections, as to what the doctor told her; and the testimony of the doctor was in any event nonprejudicial. This doctor also testified to the fact that plantiff had recovered her health, and that such slight trouble as she had would be cured by marriage.

4. SAME: evidence.

IV.  An objection to certain testimony offered by plaintiff, as to the amount of property owned by defendant, was overruled, and, as we think, correctly.  The question called for plaintiff's knowledge of values and was perfectly competent.

5. SAME: evidence of value..

Moreover, the testimony as to the value was taken conditionally, and defendant's counsel did not thereafter renew his objections. There was no error here.  *Winklemans v. Railway Co.*, 62 Iowa, 11; *Kenosha Co. v. Shedd*, 82 Iowa, 540; *Herriman v. Layman*, 118 Iowa, 590; *Ricker v. Davis* (Iowa), 139 N. W. 1110; *Heusinkveld v. Insurance Co.*, 106 Iowa, 229; *Fernbach v. Waterloo*, 76 Iowa, 598.

V.  As already indicated, plaintiff was in ill health at the time the engagement was entered into, but of this de-

6. SAME: damages: mitigation: instruction.

fendant had knowledge; and it is uniformly held that such ill health is not a defense to a breach of promise suit.  *Goddard v. Westcott*, 82 Mich. 180.

Her ill health was not pleaded in mitigation of damages, and defendant asked no instruction with reference thereto. The trial court did not err, therefore, in failing to instruct the jury that they might consider plaintiff's ill health in mitigation of damages. *Vierling v. Binder*, 113 Iowa, 337; *Beans v. Denny*, 141 Iowa, 52.

VI.  The trial court instructed that the jury, in awarding damages, might consider the money value or worldly advantage to plaintiff of the marriage, and that defendant's

7. SAME: value of defendant's property: evidence: instruction.

financial condition, so far as shown by the evidence, might be considered in determining the amount.  This is said to be erroneous, because there is no testimony showing defendant's financial condition.  It is true that the testimony upon these propositions is somewhat meager; but it is shown that he was operating a large farm near Keystone, in this state; that he was expecting some money from his father's estate, which was estimated to be sufficient to buy the farm he was then.oper-

ating, consisting of about three hundred acres and worth $200 per acre; and that he had a farm of unknown size in Minnesota. While meager, we think the testimony justified the instruction given. *Herriman v. Layman,* 118 Iowa, 590.

VII. Lastly it is strenuously argued that the verdict is excessive. So many elements enter into the damages to be allowed, in such cases, that we do not feel justified in interfering. *Hahn v. Bettingen,* 84 Minn. 512 (88 N. W. 10). In the following cases, verdicts for larger amounts have been sustained: *Miller v. Hayes,* 34 Iowa, 496; *Geiger v. Payne,* 102 Iowa, 581; *Musselman v. Barker,* 26 Neb. 737 (42 N. W. 759) ; *Chellis v. Chapman,* 125 N. Y. 214 (26 N. E. 308, 11 L. R. A. 784).

8. SAME: excessive damages.

No error appears, and the judgment must be, and it is, *Affirmed.*