WETTER BROS., Appellants, v. W. H. OTTO, Appellee.

PLEADING: Issue, Proof and Variance—Quantum of Proof—Warranty. A party shall not be compelled to prove more than is necessary to entitle him to the relief asked for. So held where plaintiff pleaded (a) sale and delivery, and (b) warranty, and did not prove the latter. See Section 3639, Code, 1897.

PLEADING: Issue, Proof and Variance—Recovering on Adversary's Pleading. A plaintiff who fails to establish the contract pleaded by him as a basis for recovery may, nevertheless, under some circumstances, recover on the contract *as pleaded by defendant.*

PRINCIPLE APPLIED: Plaintiff pleaded that he sold defendant a cornplanter under an oral warranty *that it would work.* Defendant in his answer admitted that he bought the planter, but alleged that the oral contract was to the effect that, *if defendant was not satisfied* with it, he might return it. *Held,*

plaintiff, even though not establishing his pleaded version of the contract, might recover on the contract as pleaded by defendant, provided it appears:

1. That defendant was, in fact, satisfied; or

2. That, if defendant was not satisfied, he did not so assert within a reasonable time; or

3. That defendant accepted the machine notwithstanding his dissatisfaction.

SALES: Warranty—Warranty of Satisfaction—Failure of Plea. A plea that an article was bought under a guaranty that the purchaser should be satisfied therewith, necessarily fails (a) if the purchaser was, in fact, satisfied, (b) if the purchaser was, in truth, dissatisfied, but did not so assert within a reasonable time, or (c) if the purchaser fully accepted the article, notwithstanding his dissatisfaction.

SALES: Warranty—Warranty of Satisfaction—Good Faith—Burden of Proof. One who pleads, *in defense* to an action for the purchase price of an article, that he purchased the article under a guaranty that he would be satisfied therewith, has the burden to show (a) that he was dissatisfied, and (b) that his dissatisfaction *was in good faith.*

SALES: Warranty—Warranty of Satisfaction—Acceptance Notwithstanding Dissatisfaction, Acts Constituting. Acts constituting unequivocal assumption of ownership on the part of a purchaser, of an article purchased under a guaranty that it should prove satisfactory to the purchaser, precludes reliance on such guaranty, even though the purchaser was, in fact, dissatisfied. So held where the purchaser of an article so purchased, after full knowledge of the condition thereof, loaned it to strangers.

SALES: Recovery of Price—Evidence Receivable Under Plea of Completed Sale. A plea by plaintiff of completed sale lays the foundation for evidence of any state of facts showing *acceptance.* So held where, in response to such a plea, defendant answered that he purchased under a guaranty that the article would prove satisfactory to him, and that such was not the case, but plaintiff was permitted to establish the purchaser's acceptance by showing that the purchaser *had loaned the article to strangers.*

SALES: Delivery and Acceptance—Assumption of Acts of Ownership—Loaning to Others. Evidence reviewed, and held to present a jury question whether a purchaser of an article had

irrevocably accepted it by loaning the same to others without the consent of the vendor.

**SALES:** Warranty—Warranty of Satisfaction—Delay in Indicating 8 Dissatisfaction. The right of a purchaser of an article to return the same, in accordance with the contract, in case it does not prove satisfactory to him, is wholly lost by failure of the purchaser to indicate his dissatisfaction within a reasonable time.

*Appeal from Calhoun District Court.*—M. E. HUTCHISON, Judge.

WEDNESDAY, APRIL 4, 1917.

ACTION for the price of a corn binder resulted in a verdict for plaintiff. On motion of the defendant, the verdict was set aside and a new trial ordered. The plaintiff appeals.—*Reversed.*

*Gray & Gray,* for appellants.

*Frick & Frick,* for appellee.

LADD, J.—I. The plaintiff is a partnership, composed of Charles H. and E. W. Wetter, and sues for $135, the purchase price of the corn binder alleged to have been sold to the defendant about August 5, 1914.

1. PLEADING: issue, proof and variance: quantum of proof: warranty.

The defendant admitted in his answer that he negotiated for the binder at the price stated, but alleged that it was agreed between the parties that, if the binder "did not run so as to give entire satisfaction to defendant, he, the defendant, would not be required to settle for it at all or pay anything for it;" that he hauled the binder to his farm and gave it a trial; that it ran heavily and did not give satisfaction; that, upon assurances from plaintiff that he would not be required to settle for it unless it ran to defendant's satisfaction, he continued to try the binder; that plaintiff promised to have an expert examine it, but the expert did not come; and finally the plaintiff advised him that, un-

less the expert appeared by a certain day, he should return the binder, and, as said expert did not appear, the binder was returned.

The evidence on the part of the plaintiff tends to show that the sale was made as alleged in the petition, but with a guaranty that the binder would work, and that on the part of the defendant tended to sustain the allegations of the answer. The verdict was for plaintiff as prayed. On motion, it was set aside, and a new trial ordered, on the grounds that it was (1) contrary to law, (2) contrary to the 6th instruction, and that the court erred in giving the 7th, 8th and 9th instructions. The sufficiency of the evidence to support the verdict was not questioned, and, if the verdict was contrary to the law, it was because one or more of the instructions referred to was erroneous. The objections interposed to the 7th instruction are: (1) That "it conflicts with Instruction No. 6, which stated the correct rule of law;" and (2) that "the rule laid down in Instruction 7 would be the rule if both parties agreed to the contract, but here plaintiffs are required to establish the contract as alleged by them as correctly stated in Instruction 6, and if they have not established that contract by preponderance of the evidence, then the jury need not inquire further."

Because of these objections, Instruction No. 6 may be set out:

"Under the claim as made by the plaintiffs in this case, their cause of action is based upon an alleged oral contract, by which they allege that the binder in question was delivered to the defendant under no conditions otherwise than that the binder was guaranteed to work; and if you find such matters to be established by a preponderance of the evidence, your verdict will be for plaintiffs. But if you find that such matters have not been established by a preponderance of the evidence, your verdict will be for defendant."

Notwithstanding the concession of counsel to the contrary, we do not regard this instruction as accurate. The evidence was such that the jury might have found there was no guaranty that the binder would work, and, if not, the omission would not be good ground for denying plaintiff the right to recover. The making of such a guaranty was not essential to recovery. In this respect, Instruction 6 was erroneous, but more favorable to defendant than he was entitled to have it. If, then, the other instructions were correct expressions of the law, even though submitting issues which would seem to have been excluded by the erroneous statement of another alleged issue in Paragraph 6 of the charge, there was no error of which defendant might complain.

II.   The court told the jury, in the 7th paragraph of the charge that:

"Should you find that the agreement between the parties was to the effect that the defendant should take the binder to his premises and give it a trial and pay for it if it proved to be satisfactory to him, and that if it did not prove satisfactory to him he was not to pay for it, then in such event it was the duty of the defendant to give the corn binder a reasonable trial in good faith, and if upon such trial you find that the defendant was honestly dissatisfied with the work of the binder, he would not be legally liable for the purchase price thereof. Under such circumstances the purchaser is required to exercise honesty and good faith, and if he is not satisfied under such conditions, he cannot be held liable, even though he may not have been reasonable in his exactions which he made with respect to the work of the machine contracted for."

This submitted defendant's version of

**2. PLEADING:**
**issue, proof and**
**variance: re-**
**covering on**
**adversary's**
**pleading.**

the agreement. It was not claimed by him that more than one contract was made, as seems to be assumed by appellant, but that the terms of the only contract entered into were different from those testified to by plaintiff's witnesses. The answer so pleaded, and such pleading, notwithstanding appellant's exception, has the approval of this court. *Lemke v. Franzenburg,* 159 Iowa 466; *Miller v. Miloslowsky,* 153 Iowa 135; *Cook v. Smith,* 54 Iowa 636.

That there was a contract of purchase,

**3. SALES: war-**
**ranty: war-**
**ranty of sat-**
**isfaction: fail-**
**ure of plea.**

no one disputes. Were the terms as claimed by plaintiff, or as testified to by the witnesses of defendant? Even if as defendant alleged, this alone would not defeat recovery by plaintiff. See above cases. Though settlement were to be made only upon the machine's working to defendant's satisfaction, he might have been satisfied, or, if dissatisfied, might not have so asserted in a reasonable time, or, notwithstanding dissatisfaction, he might have accepted it. In any such event, plaintiff would have been entitled to recover, according to the doctrine of the decisions cited.

Another criticism is that the issue of

**4. SALES: war-**
**ranty: warranty**
**of satisfaction:**
**good faith:**
**burden of**
**proof.**

good faith in defendant's alleged dissatisfaction was not pleaded. This was not necessary, for, in interposing his dissatisfaction with the binder as a reason for not accepting it, such dissatisfaction must in fact have existed. If it were feigned, as an excuse or subterfuge to evade an obligation, and defendant in fact was satisfied with the machine, though rueing his contract, then the defense must have failed. Every plea of dissatisfaction under a contract, making satisfaction of the purchaser a test of compliance with the terms thereof, when put in issue by a denial, either express or implied, necessarily involves the atti-

tude or condition of the purchaser's mind with respect to the article in question, and, though the purchaser be the judge of his own satisfaction, this is subject to the limitation in most jurisdictions, as in this, that he, in deciding, act in good faith, and not for the mere purpose of avoiding an obligation. *Inman Mfg. Co. v. American Cereal Co.*, 124 Iowa 737 (133 Iowa 71, 142 Iowa 558, 155 Iowa 651) ; 2 Elliott on Contracts, Sec. 1605; 3 Elliott on Contracts, Sec. 1881 *et seq.*, and collection of cases in notes.

In *Inman Mfg. Co. v. American Cereal Co.*, 133 Iowa 71, we held that the burden of proving that performance was to the actual satisfaction of the defendant, according to the terms of the contract, was on the plaintiff, and that this involved the showing that any expressed dissatisfaction was in bad faith. This necessarily was so, for, if the expressed dissatisfaction was feigned and a mere subterfuge, and did not indicate the real attitude of defendant, there was no dissatisfaction. Undoubtedly, the evidence in many cases does not bring the *bona fides* of the expressed want of satisfaction in question; but, when this happens, the issue as to whether the purchaser really is satisfied or dissatisfied is appropriate for the jury's consideration, and, though the issue smacks of fraud, it actually involves, as said, the attitude or condition of the purchaser's mind. Here, defendant's want of satisfaction is interposed as a defense, and the burden of proof was on defendant, not only to establish the contract as pleaded, but that, in consequence, defendant was not liable.

III. The evidence disclosed that, after defendant had tested the machine, he allowed his son, W. E. Otto, to take it to the latter's farm and cut considerable corn; and with reference thereto, the court told the jury, in substance, that, if plaintiff was not advised, in entering into the contract of sale, that the son

5. SALES : warranty : warranty of satisfaction : acceptance notwithstanding dissatisfaction, acts constituting.

was interested in the machine, and did not consent to so loaning the binder, this "would constitute an assertion of ownership to such an extent that the law implies an acceptance on the part of defendant." This correctly states the law. *Hensen v. Beebe,* 111 Iowa 534; *Rice v. Friend Bros. Co.,* 179 Iowa 355. The defendant had previously tested the binder and was aware of how it worked, and to loan it, under the circumstances recited, was a clear assertion of ownership in himself.

**6. SALES: recovery of price: evidence receivable under plea of completed sale.**

It is argued that there was no such issue. But the plaintiff pleaded a completed sale, and proof of acceptance was in direct support of the allegations of the petition. To recover, there must have been a delivery of the article sold, and either acceptance by the purchaser or such a state of facts as is the equivalent of acceptance, as full performance of all the conditions of the sale on the part of the seller, and the elimination of all grounds for not accepting. This evidence was in direct support of the allegations of the petition, and there was no occasion for other pleading. Moreover, such evidence tended strongly to rebut defendant's alleged dissatisfaction with the machine. The suggestion, then, that the 8th instruction was erroneous because acceptance was not pleaded, is without merit.

**7. SALES: delivery and acceptance: assumption of acts of ownership: loaning to others.**

It is argued, however, that the evidence did not warrant the giving of such an instruction. Defendant had pleaded that the purchase was contracted for by him and was to be tested on his farm, and the evidence disclosed that, after it was so tested, he allowed his son to take it to another farm, and there it was used in cutting corn for said son. This was in clear violation of the terms of the contract as pleaded, and as the evidence in behalf of defendant tended to establish. Though defendant testified that W. E. Otto was interested in the

binder, or had the same interest in it as he did, such inter-
est was not disclosed, and he did not pretend but that the
purchase was being made by himself -alone.  W. E. Otto
swore that he was to be in partnership with his father "if
he would buy a binder that would work."  This was in no
wise contradictory to the evidence that defendant alone
bought the machine, and that it was to be tested on his
farm.  The taking of the binder, then, to a farm other than
defendant's was in plain violation of the terms of the con-
tract as pleaded, and as the evidence in behalf of defend-
ant tended to prove.  Nor does it appear that the binder
was removed from defendant's farm in order to be tested.
It had previously been operated long enough to cut 18 or
19 acres, always to defendant's dissatisfaction, and this
could hardly be obviated by allowing the son on another
farm to cut 18 rows of corn, each 70 rods long.  Moreover,
neither defendant nor the son pretended that the latter
made use of the implement to ascertain whether the former
was satisfied therewith.  The evidence tends to confirm
rather than refute the conclusion that loaning the binder
to the son, or permitting him to take it and use it as he did,
was an assertion of ownership utterly inconsistent with
the continuance of title in plaintiff.  That firm had not au-
thorized defendant to do anything with the machine other
than test it; and when he assumed to permit another to
take it away and operate it, his conduct cannot be har-
monized with any other theory than that he did so as own-
er of the machine, and on this ground the court might well
have directed a verdict for the plaintiff.  The error in the
instruction is in adding thereto the last clause, submitting
whether plaintiff was advised that defendant's son was
interested in the machine; but this was favorable to de-
fendant, and therefore not prejudicial.  There was no error
of which defendant might complain.

Vol. 179 Ia.—56.

IV. The 9th instruction advised the jury that defendant must have indicated his dissatisfaction with the binder within a reasonable time, and that whether he so did, depended on the circumstances of the case.

8. SALES: war-
ranty: war-
ranty of satis-
faction: delay
in indicating
dissatisfaction.

Such is the general rule (*McCormick Harvesting Machine Co. v. Chesrown*, [Minn.] 21 N. W. 846), and that it was involved in the issues raised by the answer appears from what previously has been said. It follows that the court erred in setting aside the verdict and ordering a new trial. In so doing, no question of discretion was involved. The only issues were of law, and what the law may be is never a matter of discretion.

The cause is remanded, with direction that the order granting new trial be set aside, and that judgment be entered on the verdict.—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.